DECEMBER TERM, 1876.          341

Hamilton and Rossville Hydraulic Co. *v.* C., H. & D. R. R. Co.

THE HAMILTON AND ROSSVILLE HYDRAULIC COMPANY *v.*
THE CINCINNATI, HAMILTON AND DAYTON RAILROAD COM-
PANY.

1. An agreement between the owner of an artifical watercourse and a rail-
road company, whereby the former consents that the latter, in the con-
struction of its road, may fill the channel and divert the water into a
new channel on its own land, in consideration that the railroad com-
pany will open the old channel and restore the water thereto whenever
requested, is not a contract for an interest in land within the meaning
of the statute of frauds.

2. Where a license to fill up such watercourse is obtained from a corpora-
tion in possession as owner, in consideration of a promise to reopen and
restore the watercourse when requested so to do, the licensee, when
sued for a breach of his promise, is estopped from setting up that the
ownership and maintenance of the watercourse by the corporation are
*ultra vires.*

3. In an action where several defenses are pleaded, to some of which de-
murrers are interposed, and issues are taken on others by reply, and
final judgment is rendered for the defendant upon overruling the de-
murrers, it must be assumed, unless it otherwise appear in the record,
that the final judgment was rendered on the uncontroverted defenses,
and not upon a finding of the issues of fact.

ERROR to the District Court of Butler county.

*Josiah Scott, A. F. Hume,* and *C. N. Olds,* for plaintiff in
error.

*Thomas Millikin,* for defendant in error.

MCILVAINE, J.   The principal questions in this case
arise upon the pleadings.

The original action in the court of common pleas of
Butler county was brought by plaintiff in error against the
defendant in error to recover damages for the breach of a
parol contract.   The plaintiff's case was stated in its
amended petition, which will be understood from the fol-
lowing extracts :

" Said plaintiff, the Hamilton and Rossville Hydraulic

Company, says that it was constituted a body politic and corporate by an act of the legislature of Ohio, entitled ' an act to incorporate the Hamilton and Rossville Hydraulic Company,' passed March 24, 1841; that by the provisions of said act it was authorized and empowered to locate and construct such dam or dams upon the Miami river, and such feeder or feeders, basins, aqueducts, culverts, waste-weirs, wharves, outlets, embankments, and other necessary works and appendages, as would enable it by means of a head-race or feeder, to conduct the waters of the Miami river from some point between Allen's mill, on section 16, on the Miami river and the head of New river, to some point on the Miami river within the limits of the town of Hamilton or Rossville, for the purpose of creating water-power to be used for manufacturing or other purposes by said company, or its lessees or assigns, provided the consent of all persons over or through whose premises or lands said works might be constructed, should first be obtained by it; and that in conformity to and in pursuance of said act said company was organized, said right of way obtained, said works constructed, and the waters of said river brought to the town of Hamilton by it, to be used over a fall of twenty-eight feet and six inches for manufacturing and other purposes."

It is next alleged in the petition, that the plaintiff, having acquired from one Gordon, the owner, the right to construct a portion of its works through and upon a tract of land adjoining the town of Hamilton, constructed thereon a race, also called a tail-race, through which a portion of the waters utilized by the company was returned to the Miami river. The railroad of the defendant was afterward located across the same tract of land.

The petition then proceeds :

" The said plaintiff further says that after they had so constructed their said races and works at great expense, and had made available, on the race on said tract of land west of the line of said railroad, a large amount of water-power, to wit, fifteen thousand cubic feet of water per minute, and sufficient for fifty mill-stone power, the said defendant,

DECEMBER TERM, 1876.                343

Hamilton and Rossville Hydraulic Co. v. C., H. & D. R. R. Co.

the Cincinnati, Hamilton and Dayton Railroad Company, also a body politic and corporate, entered into and upon said tract of land for the purpose of constructing a railroad across the same, and across the race of plaintiff, on said tract of land, and commenced filling up plaintiff's said race and destroying a part thereof, preparatory to diverting the water from said race to other lands on the east side of the line of said railroad, which plaintiff had not been authorized to occupy, and upon which said water-power could not be advantageously applied to propelling machinery; that after said defendant had so entered upon said land, and had commenced filling up said race as aforesaid, with the purpose aforesaid, plaintiff, at the request of the defendant, agreed with defendant, that defendant might complete the filling up of a part of said race by constructing its said railroad across the same, and might divert the water therefrom to other lands on the east side of the line of said railroad above mentioned, and in consideration thereon, said defendant agreed with and promised plaintiff that said defendant would open up and repair said race, and put it in the condition it was at the time defendant entered thereof, and return the water thereto, on the west line of said railroad, whenever said plaintiff should request the same to be done, and thereupon said defendant did, in pursuance of said agreement, immediately complete the filling up said race by constructing its said railroad across the same, and did divert the waters therefrom to said lands on the east side of the line of said railroad, which plaintiff had not been authorized to occupy, and upon which said water could not be advantageously applied to propelling machinery."

The petition, after averring that the defendant had refused upon request to open up said race and restore it to the condition it was in at the time it entered thereon, etc., concludes with a prayer for $120,000 damages.

To this amended petition, after a demurrer thereto had been overruled, the defendant made answer setting up six several defenses. To the first defense the plaintiff replied,

**344**    SUPREME COURT OF OHIO.

Hamilton and Rossville Hydraulic Co. *v.* C., H. & D. R. R. Co.

and to the other five defenses separate demurrers were filed. As to the third, fourth, and fifth defenses the demurrers were sustained; but as to the second and sixth the demurrers were overruled. To the overruling of these last-named demurrers the plaintiff excepted. · And thereupon final judgment in the case was rendered in favor of the defendant.

The second and sixth defenses to the amended petition were as follows :

" 2. For a second defense, defendant says that the alleged promise and agreement stated in the amended petition to return the water in said tail-race to its original channel, on the west side, and to repair said original tail-race, was a contract for an interest in lands, tenements, and hereditaments, and that there was no deed or note in writing signed by either of the parties, or by an agent of either party, lawfully authorized, evidencing such promise or undertaking; and that the same is void as against the fourth provision of the statute of frauds and perjuries, on which defendant relies."

" 6. For a sixth defense, defendant says that the plaintiff had no authority to conduct water from the Miami river, by means of its race and feeder, back again to the Miami river for manufacturing purposes, to any other than some point within the limits of the town of Hamilton or Rossville; that by its act of incorporation, as copied into said amended petition, it is limited to some point within the limits of said towns, at which to return its said water to said river; that the whole of said tail-race through the said Gordon tract, as well as the point at which the water is returned to the river, is not within what was the then limits of either of said towns, and therefore plaintiff has sustained no damages."

On petition in error to the district court by the plaintiff, the judgment of the court of common pleas was affirmed, and this proceeding is prosecuted for the reversal of the judgment of the district court for error in affirming the judgment of the court of common pleas, and for the re-

DECEMBER TERM, 1876. 345

Hamilton and Rossville Hydraulic Co. *v.* C., H. & D. R. R. Co.

versal of the court of common pleas, for error in overruling the demurrers to the second and sixth defenses.

The allegation in the second defense that the alleged promise and agreement stated in the amended petition " was a contract for an interest in lands, tenements, and hereditaments " is not well pleaded. It is a mere conclusion, which the facts stated in the petition do not warrant. The promise was to perform work and labor upon land. The performance of this promise would not pass to the plaintiff any interest in the land. The right to maintain this tail-race is undoubtedly an interest in the land, but that right had been fully acquired by the plaintiff from Gordon long before the defendant's promise was made. The plaintiff is not seeking any title from the defendant. While a demurrer admits the truth of facts well pleaded, it does not admit the correctness of mere conclusions drawn from the facts. The demurrer to this defense should have been sustained.

The sixth defense seeks to put in issue the power of the plaintiff, under its charter, to maintain an outlet for the return of the water, or any part thereof, to the river at a point outside the limits of the town as they were defined at the date of the incorporation of plaintiff.

It may be conceded, for the purposes of this case at least, that the lower terminus or outlet to the river, of the head-race or principal ditch authorized by the plaintiff's charter to be constructed, must be maintained within the old corporate limits of the town ; but for myself, I can not hesitate to believe that the plaintiff, by its charter, was not restricted to the limits of the town either for manufacturing sites or outlets of tail-races. But, however that may be, the court places its decision of the question made on this defense solely on the ground of *estoppel in pais.*

The defendant found the plaintiff in the actual possession of this easement and in the enjoyment of its use, and thereupon, in consideration of the plaintiff's consent and agreement, that the defendant, for its own convenience and benefit, might fill the race with earth in the construction of its

road-bed, and thus temporarily divert the water therefrom, promised the plaintiff that, whenever requested, it would open up and repair the race so as to restore it to its former condition, and return the water thereto. Having thus obtained possession from the plaintiff, and secured the benefits of the contract, the defendant is estopped from denying either the right or power of plaintiff to enjoy and maintain the tail-race. As well might a tenant dispute his landlord's title. The demurrer to this defense should also have been sustained.

It is claimed, however, that the judgments below should not be disturbed on account of error in overruling the demurrers; because, it is said, that in view of the whole record, it does not appear that the plaintiff was prejudiced thereby.

This claim is based on the assumption that the court of common pleas found the issue of fact made by the reply to the first defense in the answer, in favor of the defendant below. The record does not show that a trial was had on that issue; and it is very clear that such a trial would have been fruitless. The court of common pleas had held rightly, as we think, that the petition stated a cause of action; and it had also held wrongly, as we have found, that the defenses number two and six were sufficient. In such state of the case it was of no consequence whether the facts stated in the first defense were true or not. The journal entry of final judgment immediately follows the entry overruling the demurrers to the second and sixth defenses, and it is thus shown, as we think, that final judgment was rendered in favor of the defendant upon his second and sixth defenses without any trial of the issue upon the first defense.

The judgments of the district, and also of the common pleas court, will be reversed, and cause remanded to the court of common pleas.