GREEN ET AL. *v*. CARTER, TREAS., ET AL.

(Decided December 27, 1927.)

*Mr. C. H. Fouts,* for plaintiffs in error.
*Mr. G. O. McGonagle,* prosecuting attorney, and
*Mr. M. E. Danford,* for defendants in error.

HOUCK, J.   This cause is in this court on a petition in error filed by the plaintiffs in error, John Green and Dan C. Head, who were the plaintiffs

below. Hereafter the parties hereto will be referred to as plaintiffs and defendants.

Plaintiffs brought suit in the common pleas court against the defendants to enjoin the collection of a certain road assessment placed against their lands by reason of the improvement of a public highway running along the premises of each of the plaintiffs.

The assessment placed on the tax duplicate against the property of the plaintiff Green is in the sum of $550.04, and against the property of the plaintiff Head is $231.68.

Plaintiffs, in substance, in the petition aver that said assessments against their lands are irregular, illegal, and void for the following reasons, to wit:

"(1) Said township trustees had nothing whatever to do with the making or causing to be made said improvement, and were wholly without any right, power, or authority in law to make, levy, or apportion any assessments on abutting property for or by reason of said improvement.

"(2) Said assessments were not made or attempted to be made according to foot frontage nor according to benefits to said abutting property nor according to any authorized method of making assessment, and said assessments are excessive and unreasonable in amount.

"(3) Plaintiffs had no knowledge or notice that any of said assessments would be made until more than three years had elapsed after the completion of said improvement, and none of said assessments were attempted to be made within said period of more than three years, nor have said county commissioners ever made or attempted to make assessments

upon said lands for or by reason of said improvement.''

Plaintiffs further set forth in their petition that:

''Said assessments are not authorized by any law of the state of Ohio and each and all are without any warrant of law therefor.

''Unless defendants are enjoined from enforcing the collection of said assessments, plaintiffs will suffer great and irreparable injury, and each of said plaintiffs will be made to so suffer, and each and all of plaintiffs have no adequate remedy at law.

''Wherefore plaintiffs pray that the said defendants and each of them be perpetually enjoined from placing said assessments or any portion thereof upon the tax duplicate and from collecting or further attempting to collect the same, and that said assessments and each of them be adjudged null and void, and plaintiffs further pray that upon the filing of this suit a temporary injunction be issued so restraining defendants, and for such other relief as is just and proper.''

A demurrer to the petition was filed by the defendants. Two of the grounds set forth in the demurrer were sustained, being the fourth and fifth grounds, as follows:

''(4) That the facts stated in the petition do not authorize the granting of the relief therein prayed for.

''(5) That the petition does not state facts which show a cause of action.''

To the sustaining of the demurrer upon these two grounds, plaintiffs prosecute error here seeking a reversal of the judgment of the lower court.

A demurrer is an objection made by one party to

his opponent's pleading, alleging that he ought not to answer it because of some defect therein. Such attack calls in question, not only the sufficiency of the facts to constitute a cause of action, but also the right of the plaintiff to maintain the suit. Yet a demurrer, though admitting facts well pleaded, does not admit the correctness of mere conclusions drawn from the facts, and a demurrer admits the truth of the pleading demurred to as far as is necessary to enable the court to determine on the pleading objected to and no farther.

In other words, a demurrer admits what is well pleaded. It may be further stated that the truth of only such facts as are material and well pleaded is admitted by a demurrer. It never admits allegations of fact which are repugnant or inconsistent with each other.

The rule is well settled in Ohio, if the defect in the statement of facts in the petition does not amount to a want of action, but the facts can be resolved into, or, if well stated, would constitute a valid cause of action, a demurrer is not proper, but a motion to make more definite and certain is the proper mode of objecting.

It must be conceded that a careful examination of the allegations of the petition will disclose that certain of the outstanding facts set forth therein, which are admitted to be true, would be grounds for at least part of the relief prayed for in said petition.

The petition alleges that said assessments were and are not made according to benefits to said abutting property, nor according to any authorized method of making assessments, and that they are ex-

cessive and unreasonable in amount; that said assessments are not authorized by any law of the state of Ohio, that they are without warrant of law; and that the officers making such assessments and causing them to be placed upon the tax duplicate have no authority in fact or law to do so.

In view of the fact that the demurrer here interposed admits not only what is expressly alleged in the petition, but also whatever can by fair and reasonable intendment be implied from the allegations contained in such pleading, it therefore follows that the demurrer in the instant case is not well taken.

We are satisfied that an examination of the following decisions by our Supreme Court of Ohio will convince counsel in this case that the court committed prejudicial error in sustaining the demurrer to the petition of plaintiffs: *Hamilton & Rossville Hydraulic Co.* v. *C., H. & D. Rd. Co.*, 29 Ohio St., 341, 345; *Mitchell & Watson* v. *Treasurer of Franklin County*, 25 Ohio St., 143, 153; *Finch* v. *Bd. of Edn. of City of Toledo*, 30 Ohio St., 37, 27 Am. Rep., 414; *Dawson* v. *Dawson*, 25 Ohio St., 443, 449; *Faurot* v. *Neff*, 32 Ohio St., 44; *Peterson* v. *Roach*, 32 Ohio St., 374, 30 Am. Rep., 607; *Trustees of School Section 16* v. *Odlin*, 8 Ohio St., 293; *Union Bank of Massillon* v. *Bell*, 14 Ohio St., 200; and *Hance, Exr.,* v. *Hair*, 25 Ohio St., 349.

Taking into consideration the specific statements and allegations of fact as contained in the petition, and keeping in mind the legal effect of the sustaining of a demurrer to such facts, and further applying the rules of law laid down in the cited cases to the question to be determined in this case, we are of the unanimous opinion that the sustaining of the de-

murrer to the petition now under review was not only erroneous, but highly prejudicial to the rights of plaintiffs, and that the judgment of the common pleas court should be reversed, and this cause remanded to the lower court, with instructions to overrule the demurrer to the petition.

*Judgment reversed and cause remanded.*

SHIELDS and LEMERT, JJ., concur.