HARRIET A. PRESCOTT and Husband *vs.* FERDINAND BEYER and others.

February 17, 1886.

**Eminent Domain—Laying-out of Highway—Failure to File Plat.**— Commissioners appointed by act of the legislature to lay out a highway caused a survey and plat to be made, but did not file the plat in the offices of the clerks of the towns through which the highway was surveyed, as required by the act. *Held,* that the acts of the commissioners were not effectual to establish a legal highway.

**Notice—Unrecorded Deed Granting Way.**—A deed granting a permanent right of way must be recorded, to operate against subsequent purchasers for value and without notice.

**Same—Description by bounding on Highway.**—A deed bounding the land on one side by a certain road, giving the name by which it was known, there being actually such a road by dedication and user, is not notice of the lines of the road, (differing from those of the dedicated road,) as surveyed, as aforesaid, by the commissioners.

494          MINNESOTA REPORTS.

Appeal by defendants from a judgment of the district court for
Ramsey county, *Simons*, J., presiding, restraining and enjoining the
defendants from entering upon a certain strip of land adjudged to be-
long to the plaintiffs, and claimed by defendants to lie within the lim-
its of a public highway.

*W. P. Murray* and *H. J. Horn*, for appellants.

*Warner, Stevens & Lawrence*, for respondents.

GILFILLAN, C. J.   Action for an injunction to restrain defendants
from entering upon a strip of land in that part of the city of St. Paul
formerly West St. Paul.   The defendants claim that the strip is a
street, and that they were entering upon it by authority of the city
for the purpose of improving the street.   By Sp. Laws 1861, c. 16,
the legislature provided for a state road four rods wide, from some
point on the west bank of the Mississippi river opposite St. Paul, to
be selected by the commissioners, to Owatonna, in Steele county.
The act appointed three commissioners to locate and lay it out, and
they were to survey and locate it, and cause a plat to be made and
filed in the offices of the proper town clerks, as required by Laws
1860, c. 4, article 3, § 4, (p. 88,) and pay compensation for lands taken
as prescribed by law in cases where roads are laid out and opened by
town supervisors.   The city of St. Paul was authorized to expend, in
laying out and constructing the road, $25,000, but had no other con-
nection with it, no part of it being within the city limits.

As the facts were found by the court below, (and we see no reason
to question any of its findings of facts,) the commissioners began the
work of surveying and locating the road in May, 1861, and com-
pleted it in the summer of 1863; and in said summer caused a plat
of the road to be made; but the same was not filed in any town clerk's
office, and was soon after lost, without any public record having been
made of it; nor does it appear that any compensation for lands taken
was ever ascertained or paid.   Defendants claim that the strip of
land in question lies within the limits of the road, as surveyed by the
commissioners.   As the commissioners did not comply with the re-
quirements of law by filing the plat, their acts were not effectual to
establish a legal highway under the act.

Between the first day of September, 1861, and the first day of Sep-

tember, 1863, the commissioners caused to be opened and graded a road 60 feet wide, from the west bank of the river to block 13, West St. Paul, and 30 feet wide through blocks 13 and 24, and 35 feet wide from block 24 to a point one mile and three-fourths from the river. The centre line of this graded road was the centre line of the surveyed road, as completed in the summer of 1863. This graded road, to the width of the grade only, has ever since been used and travelled by the public as a highway, with the consent, so far at least as affects the land in question, of the owners of the lands through which it runs; and became known as the "St. Paul and Owatonna" road, and continued so to be known until 1880, when (West St. Paul having been annexed in 1874 to the city of St. Paul) the common council changed the name to Dakota avenue. Here, then, became a highway by dedication and user, to the width of the grading and user, but no further.

During the time we have mentioned, and until 1867, Henry E. Bidwell owned and occupied blocks 13 and 24, above mentioned, through which the graded road and the road as surveyed by the commissioners ran. The plaintiffs do not deny that the graded road is a highway. The city claims that the strip 18 feet in width, between the westerly line of the graded road and the westerly line of the road as surveyed by the commissioners, is part of the highway. This plaintiffs deny. They derive their title from Bidwell. There is nothing to show an intent on the part of Bidwell or the plaintiffs to dedicate the 18-foot strip, unless it be a deed made by Bidwell, November 1, 1861. This deed has no grantee named, and in terms gives and grants the right of way over and through blocks 13 and 24, and releases all claims for damages sustained by Bidwell by the laying-out, opening, and constructing, through and over said blocks, of a certain road described as "a state road, known as the 'St. Paul and Owatonna road,' commencing at some point at the south end of the St. Paul bridge, and extending by the ravine line as surveyed by Gates A. Johnson, engineer, one and three-fourths miles, and for such further distance as shall hereafter be laid out, which said road was so laid out by Peter Berkey, William Branch, and Charles N. Mackubin, commissioners appointed by the legislature of the state of Minnesota for that purpose,

in the month of October, A. D. 1861." The deed was delivered, as found by the court below, to the city of St. Paul, for what purpose does not appear. It was not acknowledged,—why does not appear, —and no attempt was ever made to have it recorded. It may be doubted that this deed could have any effect whatever. It was not delivered to any one entitled to receive it. The city of St. Paul did not represent the public in the territory through which the road was run. If the deed had, as against Bidwell, created a right of way, the plaintiffs were not bound by it.

In 1867, Bidwell conveyed premises comprising the strip here in controversy to Martha A. Prescott, from whom plaintiffs derive their title. The description in her deed bounds the property conveyed on one side by the St. Paul and Owatonna road. There was then on the ground a road 30 feet wide, through blocks 13 and 24, known by that name. Her deed was not notice of any other than that road. She purchased for a valuable consideration, in good faith, and without any notice of the Bidwell deed, or that there had been any survey or proceedings to establish any other than the road then graded and used. There can be no question that a deed granting a permanent right of way comes within the recording statutes, and, to bind a subsequent *bona fide* purchaser for value and without notice, must be recorded.

Judgment affirmed.