GUSTAV L. R. DAHLBERG, PLAINTIFF AND APPELLANT, v. JOHN G. HAEBERLE, DEFENDANT AND APPELLEE.

Submitted July 12, 1904—Decided November 14, 1904.

1. An agreement surrendering a right of way by necessity falls within the class of instruments required to be recorded.

2. If an instrument given by a mortgagor surrendering a right of way appurtenant to the mortgaged lands, although executed before the mortgage is recorded, is itself not recorded, a purchaser at the foreclosure sale will take the property with the right of way attached.

On appeal from the Paterson District Court.

The facts upon which the decision below was made will appear more readily if stated in connection with the following diagram:

The plaintiff brought his action against the defendant for trespass upon lot B.

The facts, as they appear in the state of the case, are that one Speer owned lots A, B and C. Lot C lay across the

railroad, in the rear of B; lot A lay on the other side of Bloomfield avenue, which divided A from B. B and C were unimproved farm land and Speer had been in the habit of driving across B to reach C or A; he crossed wherever he pleased, but generally passed along a row of pear trees. The railroad company had laid planking to permit Speer to cross. The lots were surrounded by the lands of strangers. In October, 1890, Speer agreed with Dahlberg, the plaintiff, to sell him lot B. The agreement contained the following clause: "It is further agreed that the private road now used by the party of the first part [Speer] is to be closed up on said premises."

On November 25th, 1890, a warranty deed, containing no words referring to this private way, was executed for the lot. After the delivery of this deed Speer used the old driveway but a few times and that by express permission of the plaintiff. The driveway was by the plaintiff converted into a part of a lawn, surrounding his house. After Speer abandoned the use of the old driveway he reached lot C by a way designated by the plaintiff and which the plaintiff told Speer he could use as long as he (Speer) owned lots A and C. The plaintiff improved lot B by erecting buildings and planting trees and hedges and shrubbery; he also erected a gate at the passageway over the railroad tracks.

On May 1st, 1890, before the agreement of sale of lot B to the plaintiff, Speer had made a mortgage upon the three lots. On November 25th, 1890 (the day the deed from Speer to the plaintiff was executed), the mortgagees released lot B from the lien of this mortgage. The mortgage was not recorded until November 26th, after plaintiff got his deed, and plaintiff had no knowledge of its existence. This mortgage was foreclosed and the lots A and B sold to one Scott at the foreclosure sale, and Scott sold them to the defendant. The deeds to Scott and to defendant contained no allusion to a right of way across lot B. The defendant crossed B in substantially the same way that Speer had crossed under his permission from the plaintiff. For this act this action was brought.

Before Justices FORT and REED.

For the plaintiff and appellant, *Eugene Emley.*

For the defendant and appellee, *Jacob W. De Yoe.*

The opinion of the court was delivered by

REED, J. Upon the sale of lot B there would arise from the fact of the severance of it from the entire tract a right of way by necessity over lot B from A to C and from C to A. *Pinnington* v. *Galland,* 9 *Exch.* 1–13; *S. C.,* 10 *Eng. Ch. Rep.* 35, and notes, *p.* 54.

But this right of easement, resting upon a grant, could be discharged or prevented by the convention of the owners of the dominant and servient properties. This is what was done by the agreement preceding the execution of the deed from Speer to the plaintiff. The agreement gave to the plaintiff an equitable title to the land with a covenant that Speer's way across lot B should be closed up.

I am unable to conclude that the agreement meant merely that the particular track mostly used by Speer in crossing should be abandoned, and that his right to cross should be shifted to some other track across lot B. I think the agreement meant that the habit of Speer in crossing this lot, not along any particular line but anywhere, should be abandoned.

But the question remains whether the purchaser of lots A and B under the foreclosure sale was bound by this agreement. When the properties were sold the record showed a former unity of seizin of the tract containing the three lots, and it showed a release by the mortgagee of lot B and a sale of lot B to the plaintiff. It also showed that the mortgage had not been recorded until November 26th, so that any right obtained in the premises by any *bona fide* purchaser before November 26th would prevail against the mortgage.

A release of lot B by the mortgagee left the lien of the mortgage upon lots A and C. A sale under the mortgage, even if title to lot B had remained in the mortgagor, would have

conferred upon the purchaser a right of way by necessity over lot B.

Now, this being the situation, the mortgagor, as already observed, discharged lot B from the servitude which was appurtenant to lot A and lot C, and of this discharge the purchaser at the foreclosure sale was ignorant. As against such purchaser this discharge was ineffective in default of record.

The purchaser acquired the interest of both mortgagor and mortgagee as it stood at the time the mortgage was made. *Baldwin* v. *Howell,* 18 *Stew. Eq.* 519.

The failure to record the mortgage until after the surrender of the right of way did not affect the mortgagee unless the surrender was first recorded, or unless it did not fall within these conveyances required to be recorded.

The easement of a right of way is an interest in land appurtenant to the dominant estate. It is classed as an incorporeal hereditament lying in grant. The creation of such a servitude by grant would fall within the terms of our statute requiring the record of every deed or conveyance of or for any lands, tenements or hereditaments, and declaring that without such record such grant should be void against purchasers for value without notice.

The grant of a private right of way to an adjoining owner is within the registry statutes. *Bush* v. *Golden,* 17 *Conn.* 594; *Prescott* v. *Beyer,* 34 *Minn.* 493.

If the imposition of a servitude must be recorded as against a *bona fide* purchaser, it follows that a discharge of it must also be recorded to be effective against a *bona fide* purchaser of the dominant tenement. There being no record of an agreement between Speer and the plaintiff respecting the right of way, the purchaser of lots A and C took them with the way by necessity attached, which the record title showed was appurtenant to them.

The judgment is affirmed.