J. C. TISE v. THE WHITAKER-HARVEY COMPANY.

(Filed 7 May, 1907).

1. **Restraining Order—Evidence.**—When the main purpose of an action is to obtain a permanent injunction, if the evidence raises a serious question as to the existence of facts which make for plaintiff's right and are sufficient to establish it, a preliminary restraining order will be continued to the hearing.

2. **Same—Alleyway—Public Highways.**—When there is evidence tending to show that an alleyway has become a public way, the rights of the parties with reference to it must be determined by the rules applicable to highways.

3. **Obstruction—Special Damages.**—An alleyway, having become a highway, being injured by a continuing obstruction which is unlawful and causes special damage to an abutting owner, gives to such owner a peculiar interest in the matter and entitles him to maintain an action in his own name for the wrong, and, in proper cases, to equitable relief by injunction.

4. **Same—Evidence—Permissive Use—Dedication—Prior Registered Deed.**—Evidence that defendant's grantor gave plaintiff, by a paper-writing, the privilege of using an alley cannot be made the basis of a substantive right for or against either party on an issue as to a public highway, and would seem to be restricted to an item of evidence on the question of adverse or permissive user. Such writing is not evidence of a dedication when not purporting to be, and plaintiff cannot claim the use as a private way when defendant's deed thereto has been registered prior or the registration of his grant.

5. **Same—Lessor and Lessee—Estoppel.**—Estoppels must be mutual, and a license in appropriate cases operates as an estoppel while it exists and the right thereunder is being exercised, and the question is at large after the relationship of licensor and licensee has ceased. Plaintiff having conveyed lands by deed, with covenant and warranty, including within its boundaries an alley, and received from his grantee a paper-writing granting him the privilege of the use of the alley, is not estopped by the writing, regarded as a license, from asserting his right to its use as a public way, against a subsequent grantor of the same land.

6. **Same—Rights of Public—Of Adjoining Owner.**—The plaintiff is not estopped by his deed conveying land, including within its boundaries an alley used as a public way, from a claim to its use as a public way belonging to him as a citizen and incident to his ownership of an entirely distinct piece of property.

7. **Same.**—A deed purporting to convey a public alley is void as against those having an interest therein.

8. **Quitclaim Deed—Interest Conveyed.**—A quitclaim deed to land including a public way only purports to release and quitclaim whatever interest the grantor possessed at the time, and does not affirm the possession of any title. The grantor is not precluded from subsequently acquiring a valid title to such alley and attempting to enforce it.

9. **Same—Covenants of Title.**—When the existence of a public right of way over land is fully known at the time of the purchase and

acceptance of the deed conveying the land, its continued exist-
ence is no breach of covenant of quiet enjoyment, or against
encumbrances.

HEARING on preliminary injunction before his Honor,
*Ward, J.,* at September Term, 1906, of the Superior Court of
FORSYTH County.

There was evidence on the part of plaintiff tending to
show that plaintiff owned a tobacco factory abutting on an
alley, in the city of Winston, N. C., running from Liberty
Street on the north to Seventh Street on the south end;
also a number of tenement houses fronting on Liberty Street;
and that this alley was the only present actual or practicable
means of access from the other public streets of the town to
the said factory and to the rear of said tenement houses.
That this alley, for twenty years and more, had been used
by the public adversely and of right as a public highway.
And, further, that S. A. Ogburn, under whose deed of con-
veyance the present defendant claimed and held the property
prior to said deed to defendant, executed and delivered to
plaintiff, for valuable consideration, a written paper con-
ferring upon the plaintiff the right to use said alley, in words
as follows:

"This is to certify that I agree to give to J. Cicero Tise
the privilege of using my alley, or driveway, between Lib-
erty Street and Seventh Street." Dated May 10, 1888, and
signed, "S. A. Ogburn."

That afterwards, to-wit, said S. A. Ogburn conveyed his
own factory, which also abutted on the alley, to defendant
company, a corporation duly organized under the laws of
the State, together with a lot of land, the boundaries of which
included a lot adjacent to said factory of defendant, and
included also the alley in question. And that the exist-
ence of this alley as a public street was well known to S. A.

Ogburn and to the officers of said corporation at the time they bought and took deeds for their property.

That, soon after taking its deed from S. A. Ogburn, defendant commenced to build a strong, permanent fence across said alley, claiming the right to do so; and would proceed with this purpose and obstruct and prevent all use of said alley as a means of approach to plaintiff's property, unless restrained, etc.

There was much evidence offered by defendant to the effect that there had never been any dedication of this alley nor any adverse use of same by the public, but that any and all use thereof had been permissive only.

Defendant further claimed that the very paper-writing which plaintiff claimed as one source of his right was, in fact, an acknowledgment of the ownership of S. A. Ogburn, the grantor of defendant, and plaintiff was estopped by this paper from resisting defendant's claim; and offered evidence to show that this paper was only a license without any consideration, and revocable at the will of S. A. Ogburn or his assignee.

Defendant further showed that, in 1888, said S. A. Ogburn, grantor of defendant, had bought from plaintiff a lot of land, the boundaries of which included the alley in question, and plaintiff had conveyed same to said S. A. Ogburn without excepting or reserving any right-of-way over the alley and without making any reference to it.

The Court below adjudged that the preliminary injunction be continued to the hearing, and defendant excepted and appealed.

*Lindsay Patterson* and *A. H. Eller* for plaintiff.
*Watson, Buxton & Watson* for defendant.

HOKE, J., after stating the facts: It is the rule with us that in actions of this character, the main purpose of which

is to obtain a permanent injunction, if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, that a preliminary restraining order will be continued to the hearing. *Hyatt v. DeHart,* 140 N. C., 270; *Harrington v. Rawls,* 131 N. C., 39; *Whitaker v. Hill,* 96 N. C., 2; *Marshall v. Commissioners,* 89 N. C., 103.

And it is well to note here that while the subject-matter of dispute is termed an alley, there is evidence tending to show that it has become a public way; and, if this view should prevail on the final hearing, the rights of the parties with reference to it must be determined by the rules applicable to streets and highways. Elliott on Roads and Streets, secs. 23 and 24. In sec. 24 it is said:.

"Whatever may be the dimensions of a way, if it be opened to the free use of the public it is a highway; nor is its character determined by the number of persons who actually use it for passage. The right of the public to use the way, and not the size of the way or the number of persons who choose to exercise that right, determines it character. An alley of small dimensions, actually used by only a limited number of persons, but which the public have a general right to use, may be regarded as a public way. It is to be understood, of course, that the way cannot be deemed a public one so as to charge the local authorities with the duty of maintaining it, unless it has been legally established or accepted; but if it is so established or accepted it is to be considered one of the public ways, whatever may be its size or situation, provided it is suitable for any kind of travel by the public."

And in such case, too, it is held that where a highway is injured by an obstruction which is unlawful and continuous, and which causes special damage to an abutting owner, such owner has a peculiar interest in the matter, which entitles him to maintain an action in his own name for the wrong,

and may, as a general rule, call on the Court to interfere for his relief by injunction. *Pedrick v. Railroad,* 143 N. C., 485, 55 S. E., 877; *Manufacturing Co. v. Railroad,* 117 N. C., 579; High on Injunction (4 Ed.), sec. 816; Elliott on Roads and Streets, sec. 665.

In the section cited, this last author says: "In addition to the right of the public to maintain a suit in equity for an injunction, private citizens who are specially injured by an obstruction and interested in preventing its continuance may, upon a proper showing, maintain a suit in equity for an injunction, but, unless a special injury is shown, the plaintiff will not be entitled to an injunction. It has also been held that the injury must be irreparable, or, at least, not capable of full and complete compensation in damages. This is no doubt a fair statement of the general rule, but the phrase 'irreparable injury' is apt to mislead. It does not necessarily mean, as used in the law of injunctions, that the injury is beyond the possibility of compensation in damages, nor that it must be very great. And the fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere in cases where the nuisance is a continuous one. If the nuisance is merely temporary in its nature, and there is no danger that it will affect any substantial rights of the complainant in such a manner that he cannot be compensated therefor in damages, courts of equity will generally refuse to interfere; but if the nuisance is a continuing one, invading substantial rights of the complainant in such a manner that he would thereby lose such rights entirely but for the assistance of a court of equity, he will be entitled to an injunction, upon a proper showing, notwithstanding the fact that he might recover some damages in an action at law."

Applying these principles, we think the Judge below made a correct ruling in continuing the injunction to the hearing. True, there is much evidence on the part of the defendant contradicting that of plaintiff, and tending to show that there has never been any dedication of this alley to the public, and that any and all use of the same, either by individuals or the public, has been permissive and never adverse. But the entire evidence shows that serious questions are at issue, and presents a case which requires that the acts complained of should be restrained until the hearing, when the facts which are relevant and material can be properly and finally determined.

It is nearly always of questionable benefit to make specific suggestions, not absolutely required, when the facts have only been presented on preliminary hearing. Such a course not infrequently tends to mislead and embarrass the parties in the conduct of the trial, and, at best, can, as a rule, only be of a tentative nature. But as the matter now appears, we do not see that the paper-writing put in evidence, by which S. A. Ogburn, defendant's grantor, agreed to give Cicero Tise the privilege of using the alley, of date 10 May, 1888, can be made the basis of a substantive right for or against either party to the controversy; and its use would seem to be restricted to that of an item of evidence on a question of adverse or permissive user on the issue as to a public highway—not as a dedication to the public, for it does not purport to be one; nor as the grant of a private way to plaintiff Tise. Such an effect is shut off by the prior registration of defendant's deed. As now advised, this certainly is the weight of authority. *Cagle v. Parker,* 97 N. C., 271; *Prescott v. Beyer,* 34 Minn., 493.

Nor is it efficient as an estoppel against plaintiff because a license, as contended by defendant. Such a license ope-

144—33

rates as an estoppel while it exists and the right is being exercised (*Dills v. Hampton,* 92 N. C., 565); but in this respect, like the estoppel arising from the position of landlord and tenant, it is incident to the tenure and the enjoyment of the right. After the relationship has ended and the enjoyment has ceased in the one case, or the possession has been surrendered in the other, the question is then at large, and it is open to the licensee or tenant to show the truth of the matter. Wood on Landlord and Tenant, 488; Cyc., vol. 24, 948.

Nor do we think that the deed by which the plaintiff conveyed to S. A. Ogburn, grantor of plaintiff, a lot, the boundaries of which included the alley in question, can be made effective as estopping the plaintiff from asserting a claim to use a public way belonging to him as a citizen and incident to his ownership of an entirely distinct piece of property.

If the way should be established, on the trial, to be a public way, then the deed in question would be entirely inoperative to convey, or in any manner to affect or impair, such a right. To that extent the deed is void and the right of way is unaffected, so far as the public is concerned. *Moose v. Carson,* 104 N. C., 431.

Nor do we think, in such case, that the plaintiff is precluded, by way of estoppel, from asserting the right he seeks to protect if the right is otherwise established.

It is not stated, so far as we can discover in the record, what covenants the deed in question contained. As a quitclaim, it would certainly not have the effect contended for by defendant. As said in *San Francisco v. Lawton,* 18 Cal., 465:

"A quitclaim deed only purports to release and quitclaim whatever interest the grantor possessed at the time. He does not thereby affirm the possession of any title, and he is

not precluded from subsequently acquiring a valid title and attempting to enforce it. If he does not possess any title, none passes, and he may subsequently deny that any did pass without subjecting himself to any imputation of want of good faith."

And, assuming it to be a deed with the covenants, it is generally held that a deed conveying property, on which there existed a right-of-way in the public, conveys the ultimate property in the soil, and therefore there is no breach of the covenant of seizin; and the weight of authority is to the effect that, when the existence of a public right-of-way over land is fully known at the time of the purchase and acceptance of a deed for the land, its existence is no breach of the covenant of quiet enjoyment, the ordinary covenant of warranty, and there are well-considered decisions to the effect that such an easement is not a breach of the covenant against encum-brances. The parties are taken to have contracted with reference to the existence of a burden of which they were fully aware. *Hymes v. Estes,* 116 N. Y., 501; *Myce v. Kayton,* 84 Va., 217; *Jordan v. Eve,* 72 Va., 1; *Desverges v. Willis,* 56 Ga., 515.

Without finally deciding at this time the question as to the breach of the covenant against encumbrances, the terms of the deed not being fully known, we incline to the opinion that neither by the operative words of the deed nor by the covenants is plaintiff precluded from showing how the matter stands; and that, in any event, the plaintiff, as grantor, is not barred from asserting that this is a public way, and maintaining his right therein as incident to his ownership of an entirely distinct piece of property. *Flagg v. Flagg,* 82 Mass., 175.

To seek for no other ground, it is familiar learning that estoppels must be mutual, and no one would contend here that

defendant is estopped by this deed from maintaining that this alley is a public way. As said in *Flagg v. Flagg, supra:* "It is hardly necessary to add that defendant is not barred from the use of the road by the covenant in his deed to plaintiff. Such a covenant cannot operate by way of estoppel so as to prevent a party from claiming a right to enjoy a public way or easement."

There is no error in continuing the restraining order to the hearing, and the judgment below is affirmed.

Affirmed.