There was evidence on the part of plaintiff tending to show that plaintiff owned a tobacco factory abutting on an alley, in the city of Winston, N.C. running from Liberty Street on the north to Seventh Street on the south end; also a number of tenement-houses fronting on Liberty Street; and that this alley was the only present actual or practicable means of access from the other public streets of the town to the said factory and to the rear of said tenement-houses. That this alley, for twenty years and more, had been used by the public adversely and of right as a public highway. And, further, that S. A. Ogburn, under whose deed of conveyance the present defendant claimed and held the property, prior to said deed to defendant, executed and delivered to plaintiff, for valuable consideration, a written paper conferring upon the plaintiff the right to use said alley, in words as follows:
"This is to certify that I agree to give to J. Cicero Tise the privilege of using my alley, or driveway, between Liberty Street and Seventh Street." Dated 10 May, 1888, and signed, "S. A. Ogburn."
That afterwards, to wit, said S. A. Ogburn conveyed his own factory, which also abutted on the alley, to defendant company, a corporation duly organized under the laws of the State, together with a lot of land, the boundaries of which included a lot adjacent to said factory of defendant, and included also the alley in question. And that the existence of this alley as a public street was well known to S. A. Ogburn and to the officers of said corporation at the time they bought (510) and took deeds for their property.
That, soon after taking its deed from S. A. Ogburn, defendant commenced to build a strong, permanent fence across said alley, claiming the right to do so; and would proceed with this purpose and obstruct and prevent all use of said alley as a means of approach to plaintiff's property, unless restrained, etc.
There was much evidence offered by defendant to the effect that there *Page 352 
had never been any dedication of this alley nor any adverse use of same by the public, but that any and all use thereof had been permissive only.
Defendant further claimed that the very paper-writing which plaintiff claimed as one source of his right was, in fact, an acknowledgment of the ownership of S. A. Ogburn, the grantor of defendant, and plaintiff was estopped by this paper from resisting defendant's claim; and offered evidence to show that this paper was only a license without any consideration, and revocable at the will of S. A. Ogburn or his assignee.
Defendant further showed that, in 1888, said S. A. Ogburn, grantor of defendant, had bought from plaintiff a lot of land, the boundaries of which included the alley in question, and plaintiff had conveyed same to said S. A. Ogburn without excepting or reserving any right of way over the alley and without making any reference to it.
The court below adjudged that the preliminary injunction be continued to the hearing, and defendant excepted and appealed.
After stating the facts: It is the rule with us that in actions of this character, the main purpose of which is to obtain a permanent (511) injunction, if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, that a preliminary restraining order will be continued to the hearing. Hyatt v. DeHart, 140 N.C. 270; Harrington v. Rawls,131 N.C. 39; Whitaker v. Hill, 96 N.C. 2; Marshall v. Commissioners,89 N.C. 103.
And it is well to note here that while the subject-matter of dispute is termed an alley, there is evidence tending to show that it has become a public highway; and, if this view should prevail on the final hearing, the right of the parties with reference to it must be determined by the rules applicable to streets and highways. Elliott on Roads and Streets, secs. 23 and 24. In section 24 it is said:
"Whatever may be the dimensions of a way, if it be opened to the free use of the public it is a highway; nor is its character determined by the number of persons who actually use it for passage. The right of the public to use the way, and not the size of the way or the number of persons who choose to exercise that right, determines its character. An alley of small dimensions, actually used by only a limited number of persons, but which the public have a general right to use, may be regarded as a public way. It is to be understood, of course, that the way cannot be deemed a public one so as to charge the local authorities with the duty of maintaining it, unless it has been legally established or *Page 353 
accepted; but if it is so established or accepted it is to be considered one of the public ways, whatever may be its size or situation, provided it is suitable for any kind of travel by the public."
And in such case, too, it is held that where a highway is injured by an obstruction which is unlawful and continuous, and which causes special damage to an abutting owner, such owner has a peculiar interest in the matter, which entitles him to maintain an action in his own name for the wrong, and may, as a general rule, call on the court to interfere for his relief by injunction. Pedrick v. R. R., 143 (512) N.C. 485; Manufacturing Co. v. R. R., 117 N.C. 579; High on Injunctions (4 Ed.), sec. 816; Elliott on Roads and Streets, sec. 665.
In the section cited, this last author says: "In addition to the right of the public to maintain a suit in equity for an injunction, private citizens who are specially injured by an obstruction and interested in preventing its continuance may, upon a proper showing, maintain a suit in equity for an injunction, but, unless a special injury is shown, the plaintiff will not be entitled to an injunction. It has also been held that the injury must be irreparable, or, at least, not capable of full and complete compensation in damages. This is no doubt a fair statement of the general rule, but the phrase `irreparable injury' is apt to mislead. It does not necessarily mean, as used in the law of injunctions, that the injury is beyond the possibility of compensation in damages, nor that it must be very great. And the fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere in cases where the nuisance is a continuous one. If the nuisance is merely temporary in its nature, and there is no danger that it will affect any substantial rights of the complainant in such a manner that he cannot be compensated therefor in damages, courts of equity will generally refuse to interfere; but if the nuisance is a continuing one, invading substantial rights of the complainant in such a manner that he would thereby lose such rights entirely but for the assistance of a court of equity, he will be entitled to an injunction, upon a proper showing, notwithstanding the fact that he might recover some damages in an action at law."
Applying these principles, we think the judge below made a (513) correct ruling in continuing the injunction to the hearing. True, there is much evidence on the part of the defendant contradicting that of plaintiff, and tending to show that there has never been any dedication of this alley to the public, and that any and all use of the same, either by individuals or the public, has been permissive and never adverse. But the entire evidence shows that serious questions are at issue, *Page 354 
and presents a case which requires that the acts complained of should be restrained until the hearing, when the facts which are relevant and material can be properly and finally determined.
It is nearly always of questionable benefit to make specific suggestions, not absolutely required, when the facts have only been presented on preliminary hearing. Such a course not infrequently tends to mislead and embarrass the parties in the conduct of the trial, and, at best, can, as a rule, only be of a tentative nature. But as the matter now appears, we do not see that the paper-writing put in evidence, by which S. A. Ogburn, defendant's grantor, agreed to give Cicero Tise the privilege of using the alley, of date 10 May, 1888, can be made the basis of a substantive right for or against either party to the controversy; and its use would seem to be restricted to that of an item of evidence on a question of adverse or permissive user on the issue as to a public highway — not as a dedication to the public, for it does not purport to be one; nor as the grant of a private way to plaintiff Tise. Such an effect is shut off by the prior registration of defendant's deed. As now advised, this certainly is the weight of authority. Cagle v. Parker, 97 N.C. 271;Prescott v. Beyer, 34 Minn. 493.
Nor is it efficient as an estoppel against plaintiff because a license, as contended by defendant. Such a license operates as an estoppel (514) while it exists and the right is being exercised (Dills v. Hampton, 92 N.C. 565); but in this respect, like the estoppel arising from the position of landlord and tenant, it is incident to the tenure and the enjoyment of the right. After the relationship has ended and the enjoyment has ceased in the one case, or the possession has been surrendered in the other, the question is then at large, and it is open to the licensee or tenant to show the truth of the matter. Wood on Landlord and Tenant, 488; Cyc., vol. 24, 948.
Nor do we think that the deed by which the plaintiff conveyed to S. A. Ogburn, grantor of plaintiff, a lot, the boundaries of which included the alley in question, can be made effective as estopping the plaintiff from asserting a claim to use a public way belonging to him as a citizen and incident to his ownership of an entirely distinct piece of property.
If the way should be established, on the trial, to be a public way, then the deed in question would be entirely inoperative to convey, or in any manner to affect or impair, such a right. To that extent the deed is void and the right of way is unaffected, so far as the public is concerned.Moose v. Carson, 104 N.C. 431.
Nor do we think, in such case, that the plaintiff is precluded, by way of estoppel, from asserting the right he seeks to protect, if the right is otherwise established. *Page 355 
It is not stated, so far as we can discover in the record, what covenants the deed in question contained. As a quitclaim, it would certainly not have the effect contended for by defendant. As said in SanFrancisco v. Lawton, 18 Cal. 465:
"A quitclaim deed only purports to release and quitclaim whatever interest the grantor possessed at the time. He does not thereby affirm the possession of any title, and he is not precluded from subsequently acquiring a valid title and attempting to enforce it. If he does (515) not possess any title, none passes, and he may subsequently deny that any did pass without subjecting himself to any imputation of want of good faith."
And, assuming it to be a deed with the covenants, it is generally held that a deed conveying property on which there existed a right of way in the public, conveys the ultimate property in the soil, and therefore there is no breach of the covenant of seizin; and the weight of authority is to the effect that, when the existence of a public right of way over land is fully known at the time of the purchase and acceptance of a deed for the land, its existence is no breach of the covenant of quiet enjoyment, the ordinary covenant of warranty, and there are well considered decisions to the effect that such an easement is not a breach of the covenant against encumbrances. The parties are taken to have contracted with reference to the existence of a burden of which they were fully aware. Hymes v. Estes, 116 N.Y. 501;Myce v. Kaylon, 84 Va. 217; Jordan v. Eve, 72 Va. 1; Desverges v. Willis,56 Ga. 515.
Without finally deciding at this time the question as to the breach of the covenant against encumbrances, the terms of the deed not being fully known, we incline to the opinion that neither by the operative words of the deed nor by the covenants is plaintiff precluded from showing how the matter stands; and that, in any event, the plaintiff, as grantor, is not barred from asserting that this is a public way; and maintaining his right therein as incident to his ownership of an entirely distinct piece of property. Flagg v. Flagg, 82 Mass. 173.
To seek for no other ground, it is familiar learning that estoppels must be mutual, and no one would contend here that defendant is estopped by this deed from maintaining that this alley is a (516) public way. As said in Flagg v. Flagg, supra: "It is hardly necessary to add that defendant is not barred from the use of the road by the covenant in his deed to plaintiff. Such a covenant cannot operate by way of estoppel so as to prevent a party from claiming a right to enjoy a public way or easement."
There is no error in continuing the restraining order to the hearing, and the judgment below is
Affirmed. *Page 356 
 Cited: Combes v. Adams, 150 N.C. 70; Butler v. Tobacco Co., 152 N.C. 420;Yount v. Setzer, 155 N.C. 219; Goodman v. Heilig, 157 N.C. 9;Lumber Co. v. Cedar Works, 158 N.C. 164; Stancill v. Joyner, 159 N.C. 617;Culbreth v. Hall, ib., 593; Foster v. Carrier, 161 N.C. 475; Greenv. Miller, ib., 30; Guano Co. v. Lumber Co., 168 N.C. 339; Sexton v.Elizabeth City, 169 N.C. 390; Little v. Efird, 170 N.C. 189; Cobb v. R.R., 172 N.C. 61.