A. D. BYRD v. MISS GEORGIE HICKS and I. R. WILLIAMS, Trustee.

(Filed 11 October, 1922.)

**Injunction—Mortgages—Sales—Deed in Trust—Parties.**

It appears in this case that plaintiff had mortgaged his land to secure balance of purchase money by deed of trust to the defendant and her trustee, and the controversy depends upon whether the defendant had agreed to cancel the trust deed and the notes it secured in consideration of the payments she had already received, with evidence that a part of one of the notes had been purchased by a stranger to the transaction: *Held*, the sale under the power contained in the trust deed should be enjoined until the final hearing, and that the part purchaser of one of said notes be made a party.

Appeal by defendant from *Lyon, J.*, 15 March, 1922, from Duplin. Action, heard on return to a preliminary restraining order.

The action is to restrain sale of certain lands sold to plaintiff by defendant Georgie Hicks, and advertised to be sold under a deed of trust given to secure purchase price. On the facts presented there was judgment continuing the restraining order till the hearing, and defendants excepted and appealed.

*H. D. Williams and R. D. Johnson for plaintiff.*

*H. E. Faison, Robinson & Robinson, and Stevens, Beasley & Stevens for defendants.*

Per Curiam. On the hearing there were facts in evidence on the part of plaintiff tending to show that on 18 December, 1919, defendant Georgie Hicks sold at auction and conveyed to plaintiff five tracts of land situate in said county, for $18,074.73. That plaintiff at time of sale paid cash to the amount of $3,614.97, and executed for remainder of purchase price seven promissory notes, payable one, two, three, etc., to seven years from date, each for sum of $2,065.68, giving also a deed of trust on the property to I. R. Williams, with power of sale to secure said

indebtedness. That on 21 January, plaintiff paid to the grantor, Miss Hicks, on said indebtedness, the interest on the notes, $867.60, and made a further payment thereon of $82.60, the payee agreeing to extend the period of maturity for said indebtedness for one year, etc., or until 18 December, 1921. That in October, 1921, plaintiff, finding that he would be unable to carry out the terms of sale, and meet his indebtedness for the land, proposed in writing to surrender his entire interest in the property and lose all payments made by him to date to Miss Hicks, on cancellation of the remainder of the debt, and that said proposition was accepted in writing by defendant, and she took possession of the property pursuant to the agreement.

There was denial on part of defendant that there had been any binding acceptance of plaintiff's proposition, and with averment further that the first note of $2,065.68 had been transferred at the time of sale to the Atlantic Coast Realty Company, for conducting the sale, and by them transferred for value to one S. T. Hooker. That in order to grant to plaintiff the one-year extension referred to in plaintiff's affidavits, it became necessary for defendant to purchase one-half of the note held by said Hooker; that he is now the owner of the other half of said note, and insisting on a sale of the property.

From a perusal of this evidence, and as now advised, it appears that there are serious questions of fact presented involving the right of defendant to proceed further under the deed of trust, and under our decisions on the subject, his Honor has correctly ruled that the restraining order be continued to the final hearing. *Seip v. Wright,* 173 N. C., 14; *Tise v. Whitaker,* 144 N. C., 507.

The Court is of opinion further that in order to a full determination of the rights and interests involved in this controversy, it is necessary that S. T. Hooker, at present holding a one-half interest in the first note secured by the deed of trust, shall be made a party.

Judgment affirmed.