## A. D. BYRD v. GEORGIA HICKS ET AL.

(Filed 10 October, 1923.)

**1. Parties—New Parties—Failure to Answer—Verdict—Judgments.**

Where a new party has been suggested to make a complete and final conclusion of the matters at issue, and the party has been duly served with summons and fails to plead or appear in his own interests, it becomes immaterial as to whether the verdict rendered is sufficient to disprove his rights.

**2. Instructions—Conflicting—Appeal and Error—New Trials.**

An instruction upon the evidence that is conflicting upon material points is *held* to be reversible error.

**3. Same.**

The mortgagee resisting the foreclosure of the mortgage, pleaded and introduced evidence to show that the mortgagor had agreed to cancel several notes thereby secured upon being repossessed and seized of the lands; and there was further evidence that a new party, made to the proceedings, had been duly served with summons and had failed to plead or appear at the trial: *Held*, an instruction to find for defendant upon his reconveying the lands, and an instruction requiring him upon appropriate findings of the jury to pay off the note he had acquired from the plaintiff, are conflicting upon a material matter, upon which a new trial will be ordered on appeal.

APPEAL by plaintiff from *Calvert, J.,* at March Term, 1923, of DUPLIN.

Civil action tried upon the following issues:

"1. Was there an agreement between the plaintiff, A. D. Byrd, and the defendant, Miss Georgie Hicks, under which said defendant would resume the ownership of the land described in the deed of trust to I. R. Williams in full satisfaction and discharge of the plaintiff's indebtedness to said Miss Hicks secured by said deed of trust? Answer: 'Yes.'

"2. If so, is the defendant S. T. Hooker the owner of a one-half interest in the note referred to in the pleadings, and was he, prior to 28 October, 1921, and if so, how much is due said Hooker thereon? Answer: 'Yes, $1,032.84, with interest from 18 December, 1920.'

"3. In what amount is the plaintiff indebted to Miss Georgie Hicks?
Answer: '............'

"4. What amount is in the hands of the receiver? Answer: '$263.99.' "

Judgment against the plaintiff that he reconvey the lands in question
to Miss Hicks in discharge of the notes held by her, and that S. T.
Hooker be allowed to recover of plaintiff the value of the note held
by him.

Plaintiff appealed, assigning errors.

*H. D. Williams and R. D. Johnson for plaintiff.*
*Robinson & Robinson and Stevens, Beasley & Stevens for defendant.*

STACY, J. This case was before us at the Fall Term, 1922, and is
reported in 184 N. C., 628, where the facts are stated in the opinion and
need not be repeated here. We suggested then that S. T. Hooker ought
to be brought in and made a party, to the end that all the rights and
interests involved in this controversy might be fully determined in one
proceeding. Summons was duly issued and served on the said S. T.
Hooker, but he has filed no pleading herein and he has not appealed
from the verdict and judgment rendered. It is unnecessary, therefore,
for us to consider, as was urged on the argument, whether the verdict
as rendered is sufficient to dispose of his rights. He seems to be con-
tent. But after a very careful and critical examination of the record,
we are persuaded that a new trial must be granted for error in the
charge, which, we think, is prejudicial to the plaintiff. On the first
issue his Honor instructed the jury as follows:

"If you find from the evidence, and by the greater weight of it, that
there was an agreement between the plaintiff, Byrd, and the defendant,
Miss Hicks, under which said defendant would resume the ownership
of the lands described in the deed of trust, in full satisfaction and dis-
charge of said indebtedness secured by said deed of trust, you should
answer the issue 'Yes.' Unless you are so satisfied, you should answer
it 'No.' "

Here it will be observed the "indebtedness secured by said deed of
trust" covered all the notes, including those—six in number—held by
Miss Hicks and the one held by S. T. Hooker. According to plaintiff's
allegation, it was the understanding that all the notes were to be dis-
charged upon a reconveyance of the lands, and this included the note
held by Hooker, as well as those held by Miss Hicks. But, on the ver-
dict, plaintiff is required to surrender the several tracts of land and
deed them back to Miss Hicks, and also to pay the balance due on the
note held by S. T. Hooker. The second issue was answered in accord-
ance with the court's direction, to which the plaintiff excepted. This

instruction appears to be in direct conflict with the previous charge on the first issue; and it is well settled that a new trial must be awarded where there are conflicting instructions in the charge with respect to a material matter. *S. v. Falkner,* 182 N. C., p. 799, and cases there cited.

True, the first issue, in terms, purports to deal only with the "plaintiff's indebtedness to Miss Hicks," but the note now held by Hooker was originally a part of this indebtedness—evidently so understood by the jury—and it is the accepted position with us, under our liberal system of procedure, that a verdict should be interpreted and allowed significance by proper reference to the pleadings, the evidence, and the charge of the court. *Holmes v. R. R.,* 186 N. C., p. 61. Tested by this rule, we think the first and second issues are in conflict.

*Venire de novo.*