### SCHENCK v. CONSUMERS' COAL CO.

*(Supreme Court, Special Term, New York County.* March, 1891.)

TAXATION—PAYMENT—RECEIVER OF INSOLVENT CORPORATION.

Payment of personal taxes due from an insolvent corporation will not be enforced, out of the funds in the receiver's hands, before the rendition of his final account, where there may be a prior lien on such funds for the wages of employes, etc.

A receiver of the Consumers' Coal Company was appointed in proceedings instituted against it by plaintiff, Schenck. George W. McLean, receiver of taxes for New York city, now makes application for an order directing said receiver to pay the personal taxes assessed against the corporation.

*John G. H. Myers*, for petitioner.  *Michael J. Scanlan*, for receiver.

PATTERSON, J. On further consideration of this application, I am confirmed in the view I expressed before. The attorney for the receiver of taxes admits that this is not an application under section 857 of the consolidation act, but that it is based upon a petition to the court to make an order authorizing or directing the receiver of a corporation to pay the taxes due on an admission that he has sufficient funds from which to pay the same, and I am referred to various cases which hold that, so far as the state taxes upon corporations are concerned, it is entitled to priority, and that the court may make an order directing their payment by a receiver. The case of *Central Trust Co.* v. *New York, etc., R. Co.*, 110 N. Y. 250, 18 N. E. Rep. 92, disposes of that subject, and holds that the court may, in its discretion, make an order directing the receiver of a corporation to pay such taxes out of the fund in his hands resulting from the gross receipts of operating a railroad during the receivership. That was a case where the franchise was existing and was actually used, and it was not in any way similar to this case; but here is a case in which it is impossible for the court to say whether these taxes are a first lien or not. They were imposed by the city of New York, and there may be prior liens for wages under the act of 1885, c. 376, which provides that the wages of employes, operatives, and laborers shall be preferred to every other debt or claim against a corporation other than insurance or moneyed corporations, and shall be paid by the receiver from the moneys of the corporation which shall first come into his hands. With such a statute, and without knowing the state of the receiver's account or the claims made against the fund in his hands, and with the discretionary power of the court to order the payment of these taxes, I think the matter should be left for determination until that account is presented; the receiver of taxes meanwhile serving a notice of his claim upon the receiver of the corporation, and thus preventing distribution until that account is rendered and the rights of all parties to

the fund are determined upon the passing of the account which may be compelled by the city as a creditor. The motion to compel the payment on this petition is denied, without costs, and without prejudice to any proper proceeding to be taken by the city to collect the taxes referred to on this motion.