(6 Misc. Rep. 197.)

### CITY OF BUFFALO v. HOFFELD et al.

(Superior Court of Buffalo, Equity Term. March, 1893.)

MUNICIPAL CORPORATIONS—RIGHT TO OPEN STREET—STATUTE OF LIMITATIONS.
   Under 2 Rev. St. (8th Ed.) p. 1382, § 99, providing that every public highway laid out and dedicated to the use of the public, that shall not have been opened and worked within six years at the time of its being laid out, shall cease to be a road for any purpose whatever, where a street in which the city has acquired only an easement, and not the fee, is laid out as an entirety, but opened and worked only in part, the public loses its right therein after the lapse of six years.

Action by the city of Buffalo against Hoffeld and others to compel defendants to remove certain obstructions in a street. Complaint dismissed.

In 1845, Rueben Heacock filed a map in the county clerk's office, showing North Canal street, in Buffalo, and the adjacent premises, subdivided into lots.

At this time he owned all the premises in question. In 1850 an application was made to the common council for the removal of obstructions in this street. The common council, being in doubt as to whether it had been fully dedicated as a street, took proceedings to acquire the same under the charter, which did not authorize the taking of the fee, and in that proceeding an award was made, and, some years after, paid to Heacock. In 1854, by proceedings under the city charter, an additional strip of land, 10 feet in width, was acquired for the widening of this street. and awards made and paid. The premises designated as a street were never actually opened, improved, or traveled as a public street, but the obstructions, consisting of a ravine, parts of buildings, and sheds, remained thereon for about 15 years, when the premises were finally, in 1876, fenced in as private property; and in 1892 a resistance of the occupants to the removal of the fence and obstructions by the street commissioner led to the bringing of this suit for their removal by the city. Since the eminent domain proceedings referred to, the premises have never been taxed, and have been shown as a public street, the name of the street having been twice changed. The defendants (the occupants) purchased the premises by quitclaim deed, in 1879, for their fair value, and without notice of the city's claim as to the existence of a street. The charter did not require the recording of the city's eminent domain proceedings in the county clerk's office, and the title search did not, and could not, disclose the city's interest. The defendants' predecessors in title mortgaged the premises, the mortgage was foreclosed, the city being made a party, and it failed to interpose any answer.

W. F. Mackey, for plaintiff.
Frank C. Laughlin, for defendants.

HATCH, J. It is not essential to determine whether the city ever acquired any rights in this property by dedication, for, whether it came by dedication or by eminent domain proceedings, the character of the right obtained would be the same. The law as it existed at the time the street proceedings were instituted, as well as those taken to widen the proposed street, only authorized the acquiring of an easement therein, the fee thereto still remaining in the owner. Laws 1847, c. 364, § 2; Laws 1848, c. 101, § 1. These statutes make no mention of a fee, and are in all respects similar to the language used in general statutes authorizing the acquirement of lands for highway purposes in the country. It has been many times held that thereunder only an easement is acquired; and this, in accordance with the well-settled rule of law that no greater estate or interest will be deemed taken than is absolutely necessary to satisfy the requirements of the statute authorizing the appropriation. In re Water Com'rs of Amsterdam, 96 N. Y. 351; Washington Cemetery v. Prospect Park, etc., R. Co., 68 N. Y. 591. It was not until the revised charter was adopted (Laws 1853, c. 23, §§ 10, 18) that just compensation was required to be made for lands taken for street purposes under which a fee was acquired. The present proceedings, as the record shows, were instituted and conducted to the end under the prior statutes; consequently, only an easement in the land was, or could be, obtained. So far as the proceedings instituted by the city to lay out the street 50 feet wide are concerned, the proof is insufficient to show a compliance with the statute, for by its provisions (Laws 1847, c. 364, § 2; Laws 1848, c. 101, § 1) the city was required to cause all streets laid out by it to be surveyed, described, and recorded in

a book to be kept by the clerk, the same to become public highways when opened and made. This street, so far as these premises are concerned, has never been opened and made, and it is conceded that the only record ever made of such proceeding was the resolution of determination. There is therefore a fatal defect, both as to the act and its evidence by record. Marvin v. Pardee, 64 Barb. 353; Satterly v. Winne, 101 N. Y. 223, 4 N. E. 185; Prescott v. Beyer, 34 Minn. 493, 26 N. W. 732; Elliott, Roads & S. 293.

It is probable that in the widening proceedings the record might be upheld. If, however, the claim of dedication and acceptance by act of the city, as evidenced by the owners of the land and the proceedings taken, could be upheld, I do not think plaintiff would be aided, for other reasons. As already observed, these premises constituting one end, the entire width of the street has never been opened, worked, or traveled, and no attempt has ever been so made until notice to remove obstructions was given. By provision of law existing when this street was laid out, amended by Laws 1861, c. 311, it was provided that every public highway laid out and dedicated to the use of the public, that shall not have been opened and worked within six years from the time of its being laid out, shall cease to be a road for any purpose whatever. 2 Rev. St. (8th Ed.) p. 1382. Plaintiff insists that this statute has no application to this street, and was only designed to affect country highways, not streets of cities. To uphold this contention he cites Vanderbeck v. City of Rochester, 46 Hun, 87; In re Lexington Avenue, 29 Hun, 305. These cases are without application. They both arose under statutes and proceedings which vested the fee of the streets in the city; and the reasoning of the court proceeds upon the theory that, as a fee was taken, the statute was inapplicable, as it related to cases in which an easement, only, was acquired. When such is the character of the right obtained, it is manifest that there is no reason excluding a city street from its operation; and so are the authorities. Beckwith v. Whalen, 9 Hun, 408, 70 N. Y. 430; Ludlow v. City of Oswego, 25 Hun, 260; Woodruff v. Paddock, 56 Hun, 288, 9 N. Y. Supp. 381.

It is further insisted that, even though the statute be applicable, yet, the road having been opened for a portion of the way, there was compliance with the law, and that the city could delay opening the remainder until the public need demanded it, without impairing, in any respect, its rights therein. This claim is answered in Beckwith v. Whalen, 70 N. Y. 435: "A highway cannot be said to be opened and worked unless it is passable for its entire length." There is nothing in the cases cited conflicting with this view. In Marble v. Whitney, 28 N. Y. 297, the highway was opened for its entire length, although difficult of travel. In Walker v. Caywood, 31 N. Y. 51, the road was opened its entire length, but not its entire width, and it was held the statute did not prevent its being opened the entire width after the statute had run, although 30 years had elapsed. In Vandemark v. Porter, 40 Hun, 397, the road was dedicated and laid out, but only opened and worked part of the way. The attempt was to destroy the existence of that por-

tion of the road opened, because not opened the entire length as laid out. It was held a road to the extent opened. I think there can be no doubt that when a road is laid out as an entirety, and only a part opened and worked, and the remainder remains entirely closed, the public loses its right therein after the lapse of six years, and that such rule is applicable to a city street where an easement, only, is acquired. This result disposes of this case in favor of the defendant. The careful and able brief submitted by plaintiff's attorney has received careful and attentive consideration, and the cases cited have been examined. I refrain from further detail of discussion, and announce the result reached upon each question. The evidence authorizes the conclusion that there was an abandonment of all rights acquired by the city in the street by nonuser; that the city was cut off from all rights in this property under the Edmonds foreclosure; this, for the reason that, when the city lost its rights in the street, the title remained in the owner of the soil, relieved of the easement burden, and Edmonds, being a grantee of such owner, had the title. For the same reason the judgment obtained against Heacock is not a bar. It might well be that he could not successfully resist the claim of right in the city at that time; but, when the city lost its rights therein, the fee remained in Heacock and his grantors. I am also of opinion that defendant, being a purchaser in good faith and for value, and there being nothing upon the ground to show the existence of the street, and the city not being in possession, is protected, under the recording acts, in his purchase, and that the city is estopped from now questioning his title. I am also of opinion that defendant has proved title by adverse possession. It follows that the complaint should be dismissed, with costs. Complaint dismissed, with costs.