[No. 6457. Decided March 8, 1907.]

JAMES B. MURPHY, *Appellant*, v. KING COUNTY *et al.,*
*Respondents.*[1]

HIGHWAYS — DEDICATION — VACATION BY ABANDONMENT — COUNTY ROADS—STATUTES—CONSTRUCTION. Bal. Code, § 3803, providing that any county road heretofore or hereafter authorized which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, applies to streets dedicated in platted tracts of land outside of cities and towns which come under the control and supervision of the county commissioners.

Appeal from a judgment of the superior court for King county, Yakey, J., entered May 8, 1906, denying plaintiff's application for an injunction to prevent the opening of streets to public use. Reversed.

[1]Reported in 88 Pac. 1115.

*C. H. Winders,* for appellant.   The term road is synonymous with the term highway.   Elliott, Roads and Streets, p. 1; 15 Am. & Eng. Ency. Law (2d ed.), 350; *Brace v. New York Cent. R. Co.,* 27 N. Y. 269; *Holbrook v. McBride,* 4 Gray 215; *Stedman v. Southbridge,* 17 Pick. 162; *Vantilburgh v. Shann,* 24 N. J. L. 740; *Heiple v. East Portland,* 13 Ore. 97, 8 Pac. 907.   Bal. Code, §§ 1264, 1276, does not vest in the public title in fee to ways dedicated by the filing of a plat. *Schwede v. Hemrich Bros. Brew. Co.,* 29 Wash. 21, 69 Pac. 362.   The act for the vacation of highways by limitation is applicable.   *Buffalo v. Hoffeld,* 6 Misc. Rep. 197, 27 N. Y. S. 869; *Buffalo v. Delaware etc. R. Co.,* 68 App. Div. 488, 74 N. Y. S. 343; *Horey v. Haverstraw,* 124 N. Y. 273, 26 N. E. 532; *Lyon v. Munson,* 2 Cowen 426; *Mangam v. Sing Sing,* 11 App. Div. 212, 42 N. Y. S. 950; *Newsome v. Walker,* 1 Neb. 587, 95 N. W. 772; *Raynor v. Syracuse University,* 35 Misc. Rep. 83, 71 N. Y. S. 293; *Riley v. Brodie,* 22 Misc. Rep. 374, 50 N. Y. S. 347; *Seidschlag v. Antioch,* 207 Ill. 280, 69 N. E. 949; *Decker v. Washburn,* 8 Ind. App. 673, 35 N. E. 1111.   Outside of any statute there must be acceptance, actual or constructive, of land dedicated to the public as a highway; and if not within a reasonable time, the county is estopped from claiming the road as a public highway.   *Northern Pac. R. Co. v. Ely,* 25 Wash. 384, 65 Pac. 555, 87 Am. St. 766, 54 L. R. A. 526, and cases reviewed; *Schooling v. Harrisburg,* 42 Ore. 494, 71 Pac. 605; *Baldwin v. Trimble,* 85 Md. 396, 37 Atl. 176, 36 L. R. A. 489; *Simplot v. Chicago etc. R. Co.,* 16 Fed. 350; *Kelsoe v. Oglethorpe,* 120 Ga. 951, 48 S. E. 366, 102 Am. St. 138; *Carlinville v. Castle,* 177 Ill. 105, 52 N. E. 383, 69 Am. St. 212; *Chicago etc. R. Co. v. Joliet,* 79 Ill. 25; *Brooks v. Riding,* 46 Ind. 15; *Davies v. Huebner,* 45 Iowa 574; *Uptagraff v. Smith,* 106 Iowa 385, 76 N. W. 733; *Vicksburg v. Marshall,* 59 Miss. 562; *Orr v. O'Brien,* 77 Iowa 253, 42 N. W. 183, 14 Am. St. 277; *Hamilton v. State,* 106 Ind. 361, 7 N. E. 9.   A conveyance by the

original dedicator, or the lapse of an unreasonable time, before acceptance, will amount to a revocation of the offer. *Venice v. Madison County Ferry Co.*, 216 Ill. 345, 75 N. E. 105; *Houston v. Finnigan* (Tex. Civ. App.), 85 S. W. 470; *County of Wayne v. Miller*, 31 Mich. 447; *Hayward v. Manzer*, 70 Cal. 476, 13 Pac. 141; *French v. Scheuber*, 6 Tex. Civ. App. 617, 26 S. W. 133; *Trine v. Pueblo*, 21 Colo. 102, 39 Pac. 330; *Schmidt v. San Francisco*, 100 Cal. 302, 34 Pac. 961; *Carlinville v. Castle, supra; Commonwealth v. Moorhead*, 118 Pa. St. 344, 12 Atl. 424, 4 Am. St. 599; *Field v. Manchester*, 32 Mich. 279; *Lee v. Sandy Hill*, 40 N. Y. 442; *Forbes v. Balenseifer*, 74 Ill. 183; *In Re Pittsburg Alley*, 104 Pa. St. 622; *People v. Reed*, 81 Cal. 70, 22 Pac. 474, 15 Am. St. 22; *Kelsoe v. Oglethorpe, supra; Buskirk v. Strickland*, 47 Mich. 389; *Bissell v. New York etc. R. Co.*, 26 Barb. 630; 9 Am. & Eng. Ency. Law (2d ed.), 50; Elliott, Roads and Streets, § 155.

*Kenneth Mackintosh* and *Ernest B. Herald*, for respondents, cited: 9 Am. & Eng. Ency. Law (2d ed.), p. 44; *Reilly v. Racine*, 51 Wis. 526, 8 N. W. 417; *Paine Lumber Co. v. Oshkosh*, 89 Wis. 449, 61 N. W. 1108; *Archer v. Salinas City*, 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145.

RUDKIN, J.—On the 24th day of September, 1891, Charles Waters, being the owner of a certain tract of land in King county, platted the same into lots and blocks and filed a plat thereof in the office of the county auditor as prescribed by law. The plaintiff in this action has succeeded by mesne conveyances to all the right, title and interest of Waters in certain blocks and parts of blocks designated on this plat, and also in certain streets abutting on the property so acquired. At the time of filing the plat the lands embraced therein were situated within the body of King county, and without the limits of any incorporate city or town, and conditions remain the same at the present time. A particular description of the platted lands, or of the lands owned by

the plaintiff, or of the streets in controversy, is not material to a decision of this case. At the time of the plaintiff's purchase in 1900, the streets were covered with a heavy growth of timber and underbrush, and had never been opened to public travel, but the plaintiff has since cleared and enclosed the blocks and streets and devoted the land to agricultural purposes. On May 6, 1901, the board of county commissioners vacated certain streets and avenues designated on the plat, but refused to vacate the streets or parts of streets now in controversy. At the time of the commencement of this action, the defendants, as officers of King county, were threatening to enter upon the plaintiff's enclosure and open certain streets to public travel. This action was thereupon brought to enjoin them from so doing. The defendants had judgment below, and the plaintiff appeals.

We only deem it necessary to consider one of the grounds urged by the appellant in support of his right to an injunction. Bal. Code, § 3803 (P. C. § 7854), provides that, "Any county road or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same is barred by lapse of time." If this statute applies to streets such as are here involved, the judgment of the court below must be reversed, as authority to open the streets was granted nearly fifteen years before any attempt was made to exercise it. The appellant contends that this statute is applicable, while the respondents contend that the statute only applies to county roads laid out by the board of county commissioners and not to streets such as these. The Wisconsin statute construed in *Paine Lumber Co. v. Oshkosh*, 89 Wis. 449, 61 N. W. 1108, cited by both parties provides that,

"Every public highway already laid out, or which shall be hereafter laid out, shall cease to be considered a public

highway at the expiration of four years from the time it was so laid out, except such parts thereof as shall have been opened and worked within such time."

And the court held in the case cited that the act only applied to roads or streets laid out by the public authorities. The New York statute provides that,

"Every public highway and private road already laid out and dedicated to the use of the public, which shall not have been opened and worked within six years from the time of its being so laid out, and every such highway hereafter to be laid out, that shall not be opened and worked within the like period, shall cease to be a road for any purpose whatever."

The courts of that state have repeatedly held that this statute applies to all county roads and city streets in which the public have an easement only. *Buffalo v. Hoffeld,* 6 Misc. Rep. 197, 27 N. Y. Supp. 869; *Mangam v. Sing Sing,* 11 App. Div. 212, 42 N. Y. Supp. 950; *Buffalo v. Delaware etc. R. Co.,* 68 App. Div. 488, 74 N. Y. Supp. 343; *Horey v. Haverstraw,* 124 N. Y. 273, 26 N. E. 532.

It will be observed that the Wisconsin statute uses the words "laid out"; the Washington statute, the word "authorized," and the New York statute, the words "laid out and dedicated to the use of the public," as to existing highways, and the words "laid out" as to future highways. Our statute is broader than the Wisconsin statute and would seem to be fully as comprehensive as the New York statute. The briefs contain some discussion of the meaning of the word, *county road,* as used in the above statute. An examination of the authorities will show that the term street, avenue, road, public road, county road, etc., is used loosely and indiscriminately in legislation and judicial decisions relating to public highways, and little reliance can be placed on the particular term used to describe any given way. Undoubtedly the term street or avenue commonly applies to a public highway in a village, town or city, and the term road to suburban highways. But there may be roads in a city or town

and streets and avenues in the country. Our own legislation affords abundant evidence of this looseness of expression. Thus, Bal. Code, § 342 (P. C. § 4098), authorizes the several boards of county commissioners to lay out, discontinue, and alter all *county roads and highways* within their respective counties, except within the limits of incorporate cities and towns whereby the terms of the act of incorporation, jurisdiction over the *roads* in the limits of such incorporation is vested in the corporate authorities thereof. Bal. Code, § 3767 (P. C. § 7873), provides that the boards of the county commissioners of the several counties shall have general supervision of the *roads* in their respective counties. Bal. Code, § 3770 (P. C. § 7874), provides that the road supervisor must take charge of all the *public roads* in his district. It is apparent that *county roads and highways, roads,* and *public roads* in these three sections mean one and the same thing. The act of which § 3803, *supra,* forms a part, uses the term county road throughout all its provisions. Other sections, defining the law of the road, prohibiting horse racing, etc., use the term public highway. But, regardless of the use or misuse of terms, the several boards of county commissioners in this state have exclusive jurisdiction over all public highways within the limits of their respective counties and without the limits of incorporate cities and towns, whether such highways be called roads, public roads, streets or avenues, and while the primary object of the act of March 7, 1890, Laws 1889-90, p. 593, was to provide for the establishment and laying out of county roads by the boards of county commissioners of the several counties, yet different sections of the act clearly apply to all public highways under the jurisdiction of the board. Thus § 19 provides for the changing of county roads, and § 25 for the vacation of county roads. The streets in question are undoubtedly county roads within the purview of these two sections, and we see no good reason why § 32 (Bal. Code, § 3803, *supra,*) should not be construed in a like manner.

There may be strong and controlling reasons why a street in a city or town should not be deemed vacated after the lapse of five years, unless open to public travel within that time, but on the other hand we see no plausible reason why the right of a board of county commissioners to open a public highway should continue forever, simply because a plat has been filed by some former owner of the land. The statute declares that any county road which has been authorized which remains unopen for public use for the space of five years after the order is made or authority granted for opening the same shall be vacated. A county road is authorized and authority is granted for the opening of the same by the filing of a proper plat, and we think that roads so authorized come clearly within the spirit of the above statute, and are not excluded by the letter. We are therefore of opinion that the right to open the streets in question is barred by lapse of time, and that the appellant is entitled to the injunction as prayed.

We will add in conclusion that § 3803, *supra*, applies only to roads and highways under the control and supervision of the boards of county commissioners of the respective counties, and this decision in no manner conflicts with the decision in *West Seattle v. Seattle Imp. Co.*, 38 Wash. 359, 80 Pac. 549, and other cases in this court where streets and alleys in incorporated cities and towns were involved.

The judgment of the court below is reversed, with directions to enter a judgment in accordance with the prayer of the complaint.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, ROOT, and CROW, JJ., concur.