[No. 8838. *En Banc.* August 3, 1911.]

## C. B. BUSSELL et al., *Respondents*, v. E. W. Ross, *as Commissioner of Public Lands, et al., Appellants.*[1]

PUBLIC LANDS—TIDE LANDS—FILLS—COST OF FILL IN STREETS. Where a contract for filling unplatted tide lands, under Rem. & Bal. Code, § 8103, limited the cost to 16 cents per cubic yard, and subsequently the lands were platted, the cost of the fill in streets and alleys is to be added and charged to the abutting lands; even if it was contemplated, at the time the contract was made, that the land was to be platted, in view of Rem. & Bal. Code, § 8107, providing that the cost of filling streets and alleys shall be apportioned to the lands benefited; since the purchaser of platted tide lands, under his preference right, takes the fee of the abutting streets.

Appeal from an order of the superior court for King county, Main, J., entered December 8, 1909, granting an injunction *pendente lite* after a hearing before the court. Reversed.

*W. V. Tanner, M. B. Sachs, Roberts, Battle, Hulbert & Tennant, and Hughes, McMicken, Dovell & Ramsey,* for appellants.

[1]Reported in 116 Pac. 1088.

*Harold Preston* and *George E. de Steiguer,* for respondents.

*Frederick Bausman, amicus curiae.*

### ON REHEARING.

MOUNT, J.—The original opinion in this case will be found in 60 Wash. 344, 111 Pac. 165. A rehearing was granted after the opinion was filed. We are convinced upon this rehearing that in our former opinion we did not give sufficient importance to the fact that, at the time the original and supplemental contracts were made, the land embraced therein was not subdivided into lots and blocks with streets and alleys. Subsequent to the making of the contract, the land was platted into lots and blocks, streets and alleys. The contracts were executed in Ooctober, 1894, pursuant to the act of 1893, as stated in the former opinion. The tide land plats embracing this land were filed in March, 1895, so that, when the lands were filled under the contract, they were platted into lots and blocks.

Counsel for respondents concede upon this rehearing that, if the lands had not been platted into lots and blocks, the appellants, under the contract, would have been entitled to sixteen cents per cubic yard for each cubic yard of fill made upon the entire tract; and this we think is clearly apparent from the contract itself, and is decisive of the main question presented. The effect of our decision upon the former hearing was to limit the lien for fills to "sixteen cents for each cubic yard of earth put upon each parcel of land." In other words, the result was that the cost of fills made upon streets and alleys could not be made a lien upon the adjoining lots and blocks. After a reargument and reconsideration of the case, we are satisfied that we were in error in this respect. The contract was made when the tract of land to be filled was unplatted. The limit of cost was fixed at "sixteen cents per cubic yard for each and every yard of earth put upon each tract or parcel of land to which any person or

corporation has a preemption right of purchase, except as hereinafter provided." The statute under which the contract was made provides that:

"The cost of filling in and raising above high tide of all streets, alleys and public squares or places, shall be apportioned to the land benefited thereby, in addition to the cost of filling in such land." Rem. & Bal. Code, § 8107.

It is plain that the cost of filling the streets, alleys, and public squares and places was chargeable to the lots and blocks benefited, in addition to the cost of filling such lots and blocks. To hold otherwise would be to say that the platting of the land after the contract was entered into lessened the value of the contract by the number of yards of earth required to fill streets, alleys, and public squares and places. No such result followed, for the subsequent platting of the land did not change the contract in the least.

Respondents argue that the parties, at the time of the making of the contract, contemplated that the land would be platted into lots and blocks. If we assume that the parties understood at that time that the lands would subsequently be platted, the provision that the cost of filling streets, etc., should be apportioned to the land benefited, in addition to the cost of filling in such land, seems to make it clear that the cost of such street fills should be added to the sixteen cents cost of the land filled. In our former opinion we said that this provision did not fix the limit of price, but provided a method of determining the cost. It also provides for adding street fills to the cost of the lot and block fills where lands were platted. Respondents also argue that there is no "preference right to purchase" streets, and therefore that the cost of filling the streets could not attach to the lots and blocks so that the same might exceed sixteen cents per cubic yard. Before the land was platted, a preference right purchaser had the right to purchase all the land in front of his upland. After the plat was made, he had the same right, but he took the land subject to the plat, and he acquired the

fee of the streets subject to the public easement. His rights and burdens were not affected by the plat. They were the same after as they were before the plat was filed. This provision of the contract has reference to the land before it was platted into lots and blocks with streets, etc., and has no application to platted land. It follows a description by metes and bounds of the land covered by the contract, and it contemplates purchases of parcels thereof by upland owners who had certain preference rights to purchase from the state the tide lands lying in front of the upland.

Respondents' claim for a restraining order is based upon alleged excess charges for fills in the respects above mentioned, and that the commissioner of public lands has exceeded his authority in issuing certain certificates for amounts in excess of sixteen cents per cubic yard for fills. We are of the opinion that the commissioner of public lands is the proper officer to determine the cost of such fills, and since no fraud or abuse of authority is shown, the court erred in granting the order appealed from. The order is therefore reversed.

Dunbar, C. J., Parker, Morris, Gose, Ellis, and Crow, JJ., concur.