[No. 10012.  Department Two.  January 31, 1912.]

MAY N. HEUSTON, *Appellant*, v. THE CITY OF TACOMA, *Respondent*.[1]

MUNICIPAL CORPORATIONS — STREETS — ABANDONMENT — VACATION. The condemnation and improvement of a new street, covering part of, and to take the place of, an old street, the use of which as a street has since been abandoned by the city, and which formerly gave the only access to plaintiff's abutting property, does not constitute a vacation of the old street so as to vest title to the old street in the plaintiff; in view of Rem. & Bal. Code, § 7840 *et seq.*, providing the manner in which street vacations may be obtained by persons owning an interest in abutting property, as the same provides an exclusive remedy, without which the council has no power to vacate streets.

[1]Reported in 120 Pac. 872.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 28, 1911, upon sustaining a demurrer to the complaint in an action to quiet title. Affirmed.

*T. W. Hammond*, for appellant.

*T. L. Stiles, F. R. Baker*, and *Frank M. Carnahan*, for respondent.

DUNBAR, C. J.—The complaint alleges, that the plaintiff is the owner in fee simple, and is in possession, of the following described real property, situate within the county of Pierce, and the city of Tacoma, viz., lots 13, 14, and 15, of block 7, in Byrd's addition to Tacoma, and of all the land lying between the easterly end of said lots and the westerly line of South I street in said addition, and also all the land lying between the easterly end of lot 16, in said block, and the westerly line of said street; that the defendant unjustly claims some right, title, or easement in the land aforesaid, adverse to the plaintiff, which said claim is without foundation in law; that on July 6, 1897, a map of Byrd's addition was filed in the office of the auditor of said county, and Sixth street, as designated and shown on said map, was dedicated to the public as a street; that at said time, and for many years thereafter, lots 13, 14, 15, and 16, above mentioned, fronted on said Sixth street, and the owner of said lots owned the fee of the land to the center of said street in front of said lots, subject only to the right of the defendant and of the public to use such street as a highway; that said Sixth street was never opened, graded, improved, or used by the public as a highway; that, during the year 1904, the defendant, by appropriate proceedings, condemned a highway eighty feet in width through said addition, and named the same South I street; and thereupon in the same year opened, graded, and otherwise improved said South I street, and established parking and built sidewalks on each side of said street; that ever since 1904 the defendant has maintained

and used said South I street, in place and stead of said Sixth street, as a public highway; that said South I street is ample for accommodation of the public travel, and that in said year the defendant substituted the street condemned by it as' aforesaid (South I street) in place and stead of the street originally dedicated to the public (Sixth street), and totally abandoned for street purposes the premises in front of said lots 13, 14, 15, and 16; that by its improvement of South I street, by grading, parking and building sidewalks, etc., and the abandonment of said Sixth street, the defendant deprived plaintiff of all access from a public street to her said lots, except by way of an alley at the back of the same; also shown on said map; that no part of the land claimed is situate within the boundaries of said South I street, and that all of said premises were within the boundaries of said Sixth street as originally laid out and dedicated, and were abandoned by the defendant for use as a public highway when it substituted South I street for Sixth street, as aforesaid, during the year 1904. The court was asked to adjudge that the plaintiff was the owner of the premises described, free from any lien claims of the defendant; that the defendant be adjudged to have no right, title, easement, or interest in or to said premises, and that it be forever barred and enjoined from asserting any claim of right, title, easement, or interest in or to said premises. To this complaint a demurrer was interposed, to the effect that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, judgment of dismissal was entered, and from this judgment this appeal is taken.

So that the question presented here is, did the action of the city in condemning land east of the original boundaries of Sixth street, and in making the improvements as alleged in the complaint, have the effect of abandoning that portion of Sixth street which is not incorporated within the improvements made upon South I street. The appellant has cited many cases to sustain her claim that such was the effect of

the condemnation proceedings and of the improvements; and that therefore the land on Sixth street, which was not incorporated within the improvements on I streeet, reverted to the adjoining owners. But whatever may be said of those cases, conceding that they were properly decided under the circumstances of the respective cases, they are not applicable to this case under the special provisions of our statute. Rem. & Bal. Code, § 7840, and subsequent provisions of the Laws of 1901, pages 175 and 176, provide the manner in which streets or alleys may be vacated, and a *modus operandi* is there provided for any person who owns an interest in real estate abutting upon any street or alley to obtain such vacation, the result of which would be to vest the title and use of the land in such joint owners. We cannot but construe this statute as providing an exclusive remedy. Such was the construction placed upon it by this court in *Smith v. Centralia,* 55 Wash. 573, 104 Pac. 797, where it was said, in determining the invalidity of an ordinance:

"We are clearly of the opinion that it is invalid. The law delegating to municipalities the power to vacate streets, Laws 1901, p. 175, prescribes a mode for its exercise and the conditions upon which it can be exercised."

After setting forth the statute, the court said:

"These were matters going to the power of the council to act, and without a substantial compliance with them, any ordinance or vacation based thereon must be void."

There is no claim in this case that the provisions of the statute were complied with, or even invoked in any degree. The only procedure pleaded by the appellant was a condemnation proceeding. In such proceeding, the city was successful, and doubtless paid for its acquirements. This could not in any way affect or divest its interest in Sixth street as it was originally acquired.

The judgment is affirmed.

FULLERTON, MORRIS, MOUNT, and ELLIS, JJ., concur.