<hr />

[No. 11089.   Department One.   October 25, 1913.]

## OLSON LAND COMPANY, *Respondent*, v. THE CITY OF SEATTLE *et al.*, *Appellants*.[1]

DEDICATION—PLATS — INTENT — PAROL EVIDENCE — ADMISSIBILITY. Under the rule that a recorded plat cannot be contradicted or impeached by parol, it is inadmissible to show by the evidence of the dedicators that they did not intend to dedicate a portion of the street included within its boundaries as shown on the plat, which plainly extended an irregular street to the water's edge at the point in question.

SAME—VACATION—NONUSER. Where a street had been opened and used, the fact that a portion of it, a steep declivity of irregular shape, evidently intended to give access to the water at that point, had never been used as a street, does not vacate such portion by nonuser, under Ballinger's Code, § 3803, providing for the automatic vacation of streets that had never been opened or used by the public.

DEDICATION—PLAT—AMBIGUITY. The fact that a short irregular street extending to the water's edge, plainly marked on the plat and included in the street, was not named, and that there were additional dotted lines (evidently extensions of some other lines) does not create an ambiguity as to the intent of the dedicators to dedicate a street, so as to admit of oral evidence of their intention.

GOSE and CHADWICK, JJ., dissent.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 25, 1912, in favor of the plaintiff, in an action to quiet title, after a trial to the court.   Reversed.

[1]Reported in 136 Pac. 118.

*James E. Bradford* and *Melvin S. Good*, for appellants.

*Douglas, Lane & Douglas*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to quiet alleged title to a tract of land and to enjoin the city of Seattle and its officers from exercising, or attempting to exercise, dominion over the same. The tract of land in question is a triangular tract, designated on the following plat by the letters A, B, and C.

The wavy line at the top of the plat indicates the line of ordinary high tide of Elliott Bay. The straight black lines represent the boundaries of Alki avenue. This avenue is eighty feet wide. It is not clear what the dotted lines at the top of the plat represent. The facts are substantially undisputed. It appears that, in 1891, H. M. Hanson and wife and Knud Olson were the owners of a tract of land, situated in King county, Washington. They platted this tract into

lots, blocks, and streets; and on October 16th of that year filed the plat with proper dedication in the office of the county auditor of King county. The lots and blocks, and the streets and highways, with the width and sizes thereof, were designated on the plat. Shortly after the plat was filed, the owners conveyed certain of the lots to the plaintiff herein. At the time the plat was filed, this tract of land was not within any incorporated city of town; but in the year 1907 it became a part of the city of Seattle. About the time the plat was filed, or soon thereafter, Alki avenue was opened and has been continuously since used as a street or avenue. But the triangular tract in question has never been graded or improved or in any way used as a highway. The plaintiff has at times used it for storing wood thereon; and for several years last past, has rented it for camp sites; and has constructed two or three small cottages thereon for summer use. The city claims that the tract is a part of Alki avenue, and were threatening to eject the plaintiff therefrom, when this action was brought by the plaintiff, claiming title thereto, and that the tract had not been dedicated as a street. The court below heard evidence of the original owners to the effect that they had not intended to dedicate this three-cornered tract as a street. After hearing the evidence, the court concluded that such was not the intention of the dedicators, and entered a judgment in favor of the plaintiff as prayed for in the complaint. The city has appealed.

The respondent in the lower court made two contentions, to the effect, (1) that the tract of land in question was never dedicated as a public street; and (2) if there was a dedication of the tract as a street, that the same has never been accepted or opened for public travel, and has therefore been vacated under the provisions of Ballinger's Code, § 3803. The rule is well settled that,

"An official survey, map, or plat, or one which is duly filed or recorded in the proper office, is not subject to be contradicted, impeached, or invalidated, by parol or other extrinsic

evidence. But evidence *aliunde* is admissible in all cases where there is a doubt as to the true location of the survey, or a question as to the application of a grant to its proper subject-matter, or where the survey was not made according to law." 17 Cyc. 584.

"An implied dedication may be rebutted by parol testimony, but where the dedication is express, evidenced by a recorded plat, the intent as expressed in such plat cannot be contradicted by parol." *Miller v. Indianapolis*, 123 Ind. 196, 24 N. E. 228.

See, also, *Baltimore & O. S. W. R. Co. v. Seymour*, 154 Ind. 17, 55 N. E. 953; *Rhodes v. Brightwood*, 145 Ind. 21, 43 N. E. 942.

"The acknowledgment and record of the town plat . . . . sufficiently defines the object of the grant; and no declarations or presumed intentions of donors can divert it to a different purpose." *Brown v. Manning*, 6 Ohio 298, 27 Am. Dec. 255.

See, also, *Jones v. Johnston*, 59 U. S. 150; *Strunk v. Pritchett*, 27 Ind. App. 582, 61 N. E. 973; *Frauenthal v. Slaten*, 91 Ark. 350, 121 S. W. 395.

It is apparent, therefore, that the plat itself is the best evidence of the intention of the dedicators; and unless such plat is uncertain or ambiguous, parol evidence cannot be heard to determine the intention of the dedicators. With this rule in view, it is apparent, we think, that Alki avenue includes all the land within its boundaries. This street was laid out as a street eighty feet in width. It is irregular in shape. It is located upon the top of a hill and extends around Alki point near the edge of the hill. The north line of this avenue, when it reaches the point designated as C upon the plat, extends north about 20 feet as a solid line to the water's edge; it is clearly the street line. It then begins at B and extends south as a solid line. The intention of the dedicators, as evidenced by the plat, is plainly shown to be that the triangle, A, B, C, is a part of the avenue; otherwise, the line would have been drawn as a solid straight line from C to B. We think, under the rule stated, that the respondent cannot now claim that it

was the intention of the dedicators not to include that tract within the avenue. It was therefore error for the court to receive or consider oral evidence of the intention of the plattors with regard to this triangular tract.

But it is argued by the respondent that, inasmuch as this tract has never been improved or used by the public authorities as a street, that it was vacated under Ballinger's Code, § 3803, as construed in *Murphy v. King County,* 45 Wash. 587, 88 Pac. 1115. We think this does not necessarily follow. While it is true that the triangular tract of land in question has never been improved or used, we have seen above that it is a part of Alki avenue. It is conceded in the record that Alki avenue was opened as a street soon after the plat was filed and has been continuously used as a street. It is not necessary that every part of a street shall be used or improved. It is sufficient if the street has been opened and used by the public. The street was dedicated to the public and it has been used. This is sufficient to prevent the street or the part of it which may be necessary for the public in the future, from becoming automatically vacated. We think it is plain from the plat itself that this tract was intended as a part of the street, probably for the purpose of affording access to the water at that point. It is true that there is a declivity at that point of some ten or fifteen feet; but the mere fact that this declivity has never been specially improved, does not vacate that part of the street.

Respondent also contends that, because this portion of the street was not named and because a part thereof was embraced within dotted lines, the intention of the dedicators is made doubtful and ambiguous. *Columbia & Puget Sound R. Co. v. Seattle,* 33 Wash. 513, 74 Pac. 670, is cited as sustaining that position. In that case, however, the blank space was left without any marked boundaries or any designation by name, while other streets and alleys were distinctly marked by boundaries and also by name. In this case the triangular tract is marked by definite boundaries, and there was evi-

dently no intention to give this offset in the avenue an independent name; it was a part of Alki avenue and so designated and shown on the plat. There is no evidence to indicate the meaning of the dotted lines; but these were evidently projections of other lines and nothing more. We think the trial court was in error in receiving testimony to contradict the express intention of the plattors as expressed upon the plat. We are also of the opinion that this part of the street was not vacated under the rule announced in *Murphy v. King County, supra.*

The judgment of the trial court is reversed and the cause ordered dismissed.

Crow, C. J., and Parker, J., concur.

Gose, J. (dissenting)—The tract of land in controversy extends over "a very abrupt bluff" about twelve feet in height, to the line of ordinary high tide. Since the filing of the plat, the respondent and its predecessor in title have at all times had the uninterrupted possession of the property. No public money has been expended upon it and it has never been used by the public. The plat shows that at all other points there is a strip of upland north of the north line of Alki avenue. The tract has been treated as private property for more than twenty years following the filing of the plat. As I read the plat, it is ambiguous as to this property. "An intention to dedicate will not be presumed and a clear intention must appear." *Columbia & Puget Sound R. Co. v. Seattle*, 33 Wash. 513, 74 Pac. 670.

An intention to dedicate the strip of land in controversy is not clearly apparent from the plat of dedication. The intention of the dedicators is obscure, and in such cases parol evidence is admissible to prove their intention. The evidence submitted upon the question shows conclusively that there was no intention to dedicate the tract as a street; on the contrary, the evidence is that the owners intended to reserve it as private property. This is the spoken testimony, and the conduct

both of the dedicators and the public, since the filing of the plat, speak to the same effect.  Hence we have the positive spoken words of one of the dedicators, aided by both contemporaneous and subsequent interpretation covering a period of twenty years.

Moreover, since the filing of the plat, Alki avenue, aside from this strip, has been used by the public.  The strip in controversy has never been so used.  We think that its situation and topography are such as to establish a vacation by nonuser.  Rem. & Bal. Code, § 5673 (P. C. 44 § 83) ; *Murphy v. King County*, 45 Wash 587, 88 Pac. 1115.  Counsel for the appellant criticise the *Murphy* case, but I think it announces a sound rule of interpretation.

For the reasons stated, I think the judgment should be affirmed.  I therefore dissent.

CHADWICK, J., concurs with GOSE, J.