[No. 19449. Department Two. March 4, 1926.]

JOHN M. KANALL et al., *Appellants*, v. TULLUAH W. WRIGHT, *Respondent*.[1]

[1] DEDICATION (17)—ACCEPTANCE—OFFICIAL ACTS AND PROCEEDINGS. The improvement by a city of a dedicated street by paving and laying sidewalks, constitutes an acceptance of the street as originally platted, though not improved to its entire width or extent.

[2] MUNICIPAL CORPORATIONS (349)—STREETS—ABANDONMENT. Where, in connecting the dead end of two streets that were not in line, through condemning lands for a curved street, the city did nothing to mislead property owners or to show any intention to abandon the portions of the old streets not included in the paved and improved portions of the new street, the city or other persons are not estopped from asserting that there was no abandonment, through permitting an abutting owner to construct an approach and sidewalks across the strip and the making of improvements thereon similar to others across many parking strips in the city.

¹Reported in 244 Pac. 245.

KANALL v. WRIGHT.

Appeal from a judgment of the superior court for King county, Charles E. Claypool, judge *pro tempore,* entered March 6, 1925, upon sustaining a demurrer to a complaint to restrain the use of land theretofore dedicated as a street. Affirmed.

*H. W. Parrott, J. Speed Smith* and *Henry Elliott, Jr.,* for appellants.

*Burkheimer & Burkheimer,* for respondent.

MAIN, J.—By this action the plaintiffs sought to restrain the defendant from making use of a small tract of ground which they claim to own, but which the defendant claims is a part of a public street. To the amended complaint, which will be referred to as the complaint, a demurrer was interposed and sustained. The plaintiffs declined to plead further and elected to stand upon the complaint. A judgment was entered dismissing the action, from which they appeal.

The accompanying plat or diagram is a photographic copy of an exhibit attached to the complaint. The facts will be stated with reference to the plat.

The appellants own the east half of lots 1, 2 and 3, in block 3 of Prospect Terrace Addition to the city of Seattle. The respondent owns lot 2 in block 32, Burke's Second Addition to the city. Burke's Second Addition was platted prior to the year 1890, and on the plat to the north of block 32 was Champa street. Prospect Terrace Addition was platted prior to the year 1890, but subsequent to the Burke plat. To the north of block 3 in this addition, on the plat, was Baxter street. The north line of Baxter street, if extended, would pass through the south line of Champa street. It apparently was the intention of the platters of Prospect Terrace Addition to have Baxter street meet

Exhibit "a"

↑ East

Parking strip

33rd Ave South - Paved 2.6% Grade

curb line

Parking strip

Parking strip    Lot line

Gerhart House Lot 1

Wright House Lot 2

Lots 1 & 2 of B 32 Burke's second addition

north

south →

Line dividing additions

Garage & this

Kanall House Lot 2

Lot 1          Lot 3

McCloud House

Lots 1-2-3 Block 3 - of Prospect Terrace

heavy shadings indicate permanent side walks - and house approach walks; also garage approach to Kanall property.

Lot line

Parking strip

Parking strip    curb line

32 nd Ave South Paved

West ↓

Parking strip

Juditioo Street - Paved 2.6% Grade

Parking strip

Champa street, but through some error this was not done. The streets, instead of meeting, each had a dead end, the southwest corner of Champa street meeting the northeast corner of Baxter street. The city, desir-ing to open and improve these streets and make them connect, in the year 1909 passed an ordinance provid-ing for the condemnation of a small tract of land off of the northwest corner of lot 1 in Burke's Addition and property to the north of Baxter street. After the condemnation proceeding was begun, the necessary property was acquired by purchase. What was form-erly Champa and Baxter streets is now Judkins street and, as it appears on the plat, has a jog or bend where the west line of Burke's Addition meets the east line of Prospect Terrace Addition. The property here in question is that which lies south of Judkins street, west of lots 1 and 2 in Burke's Addition, north of the east half of lots 1, 2, and 3 in Prospect Terrace Addition. It will be noticed that, at the northwest corner of lot 2 in Burke's Addition owned by the respondent, that lot borders on the land in question for a space of seven or eight feet. The respondent claims the right to pass over the tract of land in question and pass through this space to her lot. The appellants deny this right, and claim that they are the owners of the tract of land lying to the north of their lots and south of Judkins street, across which they have constructed an approach to their garage, a sidewalk, and have otherwise im-proved it by filling in, sodding, setting out shrubbery and placing a hedge around it.

The appellants make two contentions: First, that Baxter street, of which the tract in question is a part, never became a public street because not accepted by the city, and, second, that, if it had become a public street, it was abandoned when the city made the con-

demnation for the purpose of making Judkins street a continuous street.

In passing, it may be said that Judkins street has been paved and sidewalked by the city, the heavy white lines showing the sidewalk on either side.

[1] It may be doubted whether, under the complaint as drawn, the question as to whether Baxter street was ever accepted is presented. If there was no acceptance of that street by the city and it never became a public street, it is not clear upon what ground the appellants could claim title to the land in question. However, disregarding this and considering the question upon its merits, the improvement which the city made in Judkins street, which was formerly Baxter street, would constitute an acceptance of the street as originally platted, even though it was not improved to its entire width or extent. *Olson Land Co. v. Seattle,* 76 Wash. 142, 136 Pac. 118.

Coming now to the second question, which is the one principally relied on, and that is, whether there has been an abandonment of the tract in question by the city, so as to work an estoppel on the part of the city or anyone else, in asserting that it is still a part of a public street. Section 9297, Rem. Comp. Stat., provides a method for the vacation of streets. This method has not been followed in this case and, so far as appears in the complaint, no attempt has been made to pursue it. In *Heuston v. Tacoma,* 67 Wash. 92, 120 Pac. 872, it was held that the condemnation and improvement of a new street covering part of and to take the place of an old street, the use of which had since been abandoned by the city, and which formerly gave access to the plaintiff's abutting property, did not constitute a vacation of the old street, so as to vest title to that street in the plaintiff; and it was there said,

referring to the section of the statute above mentioned, that "we cannot but construe this statute as providing an exclusive remedy." While the facts are different in the two cases, in principle that case is not distinguishable from the one now before us. In *Seattle v. Hinckley*, 67 Wash. 273, 121 Pac. 444, it was held that the payment of taxes and local assessments upon a strip of land, used adversely as a street for the prescriptive period under dedication by estoppel and user, did not estop the city from claiming the same as a street by dedication and prescription. That case, after announcing the same doctrine as *Heuston v. Tacoma,. supra,* concluded:

"While we do not hold that the abandonment of a street may not be asserted against a city where the acts of the city have been such that equity and good conscience would prevent a claim of the city to the contrary, and where persons acting upon the good faith of such acts have, with full acquiescence by the public, expended money in improvements upon the land, in an honest belief that it was not claimed as a street, we do hold that no such case is presented here."

[2] Making the same reservation in the present case the facts do not bring it within the rule by which the city or other person might be estopped from asserting that a tract of land once a part of the street had not been abandoned. In the present case, across the strip in question the appellants had constructed an approach to their garage, a sidewalk, and had improved it as above indicated. The city had at no time done any affirmative act showing an intention to abandon. It had in no way misled the property owners. The improvements upon the tract cannot be said to be dissimilar to those which appear upon and across the many parking strips in a city.

Probably the leading case cited by the appellants is that of *Baldwin v. Trimble*, 85 Md. 396, 37 Atl. 176, 36 L. R. A. 489. In that case, it was held that the public was estopped to claim any easement in a road in a city, where, there being no further use for it by reason of new streets, it had for twenty-five years been abandoned and closed to travel by permanent structures built across its entire length. That case is entirely dissimilar in its facts from the one we are now considering.

In the case of *Wall v. Salt Lake City*, 50 Utah 593, 168 Pac. 766, there had been affirmative action on the part of the city council, but this is not a feature in the present case.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.