[Nos. 35942, 35943. En Banc. May 31, 1962.]

WALTER L. WYCKOFF et al., Appellants, v. THE CITY OF SEATTLE et al., Respondents.

NETTLETON LUMBER COMPANY, Appellant, v. THE CITY OF SEATTLE et al., Respondents.*

*Evans, McLaren, Lane, Powell & Moss, William T. Jacobson, Wright, Innis, Simon & Todd,* and *Donald A. Schmechel,* for appellants.

*A. C. Van Soelen, Arthur T. Lane,* and *John P. Harris,* for respondent City of Seattle.

· *The Attorney General* and *H. T. Hartinger, Assistant,* for respondent State of Washington.

*Reported in 371 P. (2d) 935.

*Skeel, McKelvy, Henke, Evenson & Uhlmann, W. E. Evenson, Bogle, Bogle & Gates, Robert W. Graham, Donald E. Leland, Bertram L. Metzger, Jr., B. E. Lutterman, Richard L. Gemson, Clark A. Eckart, Woodrow L. Taylor, Dean H. Eastman, Harold G. Boggs,* and *W. R. McKelvy,* amici curiae.

ROSELLINI, J.—These actions were brought by the plaintiffs to quiet title to certain street areas, on tidelands of the first class now located within the city of Seattle. The plaintiffs own adjoining properties; and each claims title to certain portions of the platted streets which abut their respective properties, alleging that they have been vacated by operation of law. The streets in question were platted in 1897 on tidelands owned by the state and located outside the city limits, but within two miles thereof. They have never been opened. The area was annexed to the city of West Seattle in 1905, and to the city of Seattle in 1907.

The plaintiffs rely upon Laws of 1889-1890, chapter 19, § 32, p. 603, which reads:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopen for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time."

Upon the motion of the defendant city of Seattle for summary judgment, the trial court held that the nonuser statute did not apply to the platted streets and that the title to the fee remained in the state and had not passed to the plaintiffs' predecessors in interest when the abutting land was sold to them.

 That the court was in error in the second of these holdings is now conceded by the state, which filed a stipulation in this court in which it recognized that the case of *Bussell v. Ross,* 64 Wash. 418, 116 Pac. 1088, settled this question contrary to the trial court's holding. In that case, which has not been overruled, we held that the purchaser of platted tidelands, under his preference rights, takes the

fee of the abutting streets subject to a public easement.[1] This rule we now reaffirm.

The state and the city contend, however, that the judgment of the court can be sustained on the ground that the nonuser statute of 1889-1890 does not apply to streets platted on tidelands of the first class, even though they lie outside the limits of the adjacent city.

Tidelands of the first class are defined in the Act of 1890 (Laws of 1889-1890, chapter 178, § 4, p. 431) as follows:

"For the purpose of survey and appraisal, the tide-lands of the State of Washington are hereby divided into three classes. The first class shall embrace all tide-lands situated within or in front of the corporate limits of any city, or within two miles thereof upon either side. . . ."

This provision was re-enacted in Laws of 1895, chapter 178, § 52, p. 549. Section 54, p. 550, provides in part as follows:

"In surveying tide lands of the first class the said board of state land commissioners shall have power to, and it shall be their duty to, lay out streets and alleys, which shall thereby be dedicated to the public use, subject to the control of cities, with due regard to the convenience of commerce and navigation: *Provided further*, That all alleys, streets, avenues, boulevards and other public thoroughfares heretofore located and platted on tide lands of the first class by boards of tide land appraisers, are hereby validated as public highways and dedicated to the use of the public for the purposes for which they were intended; and no improver, upland owner or other person shall have the right to buy the whole or any part of any such alley, street, avenue, boulevard or other thoroughfare. . . ."

Laws of 1895, chapter 179, § 1, p. 572, provides that plats of streets, avenues, boulevards, and thoroughfares prepared by the board shall be submitted to the city council of the city in front of which the tidelands lie, for its approval.

We find in these provisions an expressed legislative intent that the public ways platted on tidelands of the first

---

[1]See *Tooze v. Willamette Valley Southern R. Co.*, 77 Ore. 157, 150 Pac. 252.

class, should be subject to the control of the city to which they were adjacent, whether or not they lay within the corporate limits of the city.

The nonuser statute of 1889-90 on which the plaintiffs rely, pertains to the vacation of "county roads," which were under the terms of the act, to be established by viewers, on petition of at least twelve freeholders, in accordance with a procedure set forth in the act. However, this court in *Murphy v. King Cy.*, 45 Wash. 587, 88 Pac. 1115, held that the act applied also to privately platted streets under the control and supervision of boards of county commissioners. The legislature promptly, in 1909, amended the nonuser statute and excepted from its operation streets, alleys, or other public places dedicated as such in plats, and also excepted land conveyed by deed to a town, city, or county for use as a public way.

This court has held that the statute of 1909 was not intended to be retroactive and has continued to give validity to the earlier statute as it affected rights which accrued before the act of 1909 was passed. *Lewis v. Seattle,* 174 Wash. 219, 24 P. (2d) 427, 27 P. (2d) 1119, and cases cited therein.

The most recent case giving effect to the statute is *Brown v. Olmsted,* 49 Wn. (2d) 210, 299 P. (2d) 564, which contains the statement, by way of dictum, that we have applied the statute to all platted streets and alleys outside of cities and towns. However true this may be, we have never held that the statute is applicable to streets and alleys that are *not under the control of the county commissioners*; and inasmuch as we construed the statute too broadly in the first instance, as evidenced by the fact that the legislature hastened to amend the statute and restrict its application, we are not inclined to extend its operation to a doubtful case such as this.

A reading of the 1889-90 and 1895 statutes relating to the platting and sale of tidelands, discloses that the legislature had in mind the desirability, if not the absolute necessity, of maintaining means of public access to the water front in and around cities, and that the provisions

for the platting of streets and other public ways, to be subject to the control of cities, were included to effect this desired end. It was evidently contemplated by the legislature that tidelands within two miles of cities would become important parts of such cities at some future time, and the provisions for platting of streets, etc., were included to protect the interests of such cities in the future development of their expanded water fronts. To hold that it was the legislative intent that such platted streets and other public ways, should be vacated if they were not developed within five years, would be to defeat this clearly manifested legislative purpose.

We hold that streets platted by the state on tidelands of the first class are not "county roads" within the meaning of the nonuser statute (Laws of 1889-90, chapter 19, § 32), and have not been vacated by operation of law.

Insofar as it decreed that title to the fee remained in the state when the abutting lands were sold, the judgment is reversed; in all other respects it is affirmed.

ALL CONCUR.